86  633<br>
142  650

[No. 13694. Department Two. — December 10, 1890.]

## ELIZABETH GOING, RESPONDENT, v. W. H. H. DINWIDDIE, APPELLANT.

FALSE IMPRISONMENT BY JUSTICE OF THE PEACE — ACTS OF JUDICIAL OFFICER — PUNISHMENT FOR CONTEMPT — PLEADING — EXCESS OF JURISDICTION. — A complaint against a justice of the peace for false imprisonment in punishing the plaintiff for contempt must aver, in terms, that the acts constituting the imprisonment were without or in excess of his jurisdiction, or facts from which a want of jurisdiction appears.

ID. — PLEADING — CONCLUSIONS OF LAW. — The allegations that the acts constituting such imprisonment were done " wrongfully " or " unlawfully " are of mere conclusions of law, and tender no issue, where no facts are averred to show the acts complained of to be wrongful or unlawful.

APPEAL from a judgment of the Superior Court of San Diego County.

The facts are stated in the opinion of the court.

*James L. Copeland,* and *Hunsaker, Britt & Goodrich,* for Appellant.

The general allegation that defendant unlawfully and without probable cause did imprison and deprive plaintiff of her liberty is no broader or more effectual than the special circumstances upon which the complaint rests it. (*Lang v. Benedict,* 73 N. Y. 24, 25; *First Nat. Bank v. St. C. B. Co.,* 42 N. W. Rep. 861.) *Prima facie,* the law presumes that the defendant is innocent of crime or

wrong. (Code Civ. Proc., sec. 1963, subd. 1.) In the absence of proof to the contrary, the law presumes that official duty is regularly performed (sec. 1963, subd. 15), and that a court or judge, acting as such, acts in the lawful exercise of his jurisdiction. (Sec. 1963, subd. 16; *Watkins* v. *Lynch*, 71 Cal. 24; *Reclamation District* v. *Wilcox*, 75 Cal. 451; *Fanning* v. *Bohme*, 76 Cal. 152.) Justices' courts have jurisdiction to issue writs of restitution. (Const., sec. 11, art. 6; Code Civ. Proc., secs. 113, 1174.) Under the statutes of this state, a justice of the peace has authority to commit to prison for contempt of the process of his court. (Code Civ. Proc., sec. 906.) And where the contempt consists in the omission to perform an act yet in the power of the person to perform, as was the case here, the justice may commit until he has performed it, without reference to days. (Code Civ. Proc., sec. 1219; *Ex parte Latimer*, 47 Cal. 131.) The facts stated and omitted to be stated do show that plaintiff was served, or at least had notice of the writ. The allegation is, "that said writ never was served" on her, but she significantly omits to state that, she did not in fact have notice of the writ. If she had notice in fact, that was sufficient to authorize a proceeding against her for contempt. (*Ex parte Cottrell*, 59 Cal. 418.) The question whether plaintiff was served with the writ was a fact to be found by the justice, and upon which his jurisdiction rested, and where the law refers a fact to the determination of the officer, and the finding of that fact by him operates to confer jurisdiction, his decision as to existence of that fact must necessarily be conclusive. (*Vail* v. *Owen*, 19 Barb. 28; *People* v. *Hagar*, 52 Cal. 183; 1 Smith's Lead. Cas., part 2, 8th ed., 1125; *Allec* v. *Reese*, 39 Fed. Rep. 341.) A judicial officer, whether it be a judge of a superior or inferior court, acting in a judicial capacity, and within the limits of his jurisdiction, is not liable to damages in a civil action. (*Turpen* v. *Booth*, 56 Cal. 68; 38 Am. Rep. 48; *Downer* v.

*Lent,* 6 Cal. 94; 65 Am. Dec. 489; *Pickett* v. *Wallace,* 57 Cal. 555; *Weaver* v. *Devendorf,* 3 Denio, 120; *Allec* v. *Reese,* 39 Fed. Rep. 341; *Pratt* v. *Gordon,* 2 Cush. 68; 48 Am. Dec. 652; *Raymond* v. *Bowler,* 11 Cush. 316; *Reid* v. *Hood,* 2 Nott & McC. 163; 10 Am. Dec. 582; *Grove* v. *Van Duyn,* 44 N. J. L. 654; 43 Am. Rep. 412.)

*William H. Fuller,* and *H. L. Titus,* for Respondent.

The first count in the amended complaint states that defendant imprisoned the plaintiff, and caused her to be deprived of her liberty for a period of five days, willfully, with force, and without probable cause; that by reason of the said false and wrongful imprisonment plaintiff was damaged thereby, etc. This count constitutes a good complaint for damages in an action for false imprisonment. (*Ah Fong* v. *Sternes,* 79 Cal. 32.) Whoever assaults or imprisons another must justify himself by showing specially that the act was lawful. (1 Chitty's Pleading, 8th Am. ed., 335; *Ah Fong* v. *Sternes,* 79 Cal. 32; *People* v. *McGrew,* 77 Cal. 570; *Gillman* v. *Ammennan,* 49 Ind. 318; *Carey* v. *Sheets,* 60 Ind. 20, 21; *Van Kettler* v. *Johnson,* 57 Ill. 109, 114.) The circumstances alleged in the amended complaint as preceding and surrounding the unlawful imprisonment of the plaintiff by the defendant are immaterial averments, and might have been left out of the pleading without impairing its sufficiency, or might and would have been stricken out on motion of the defendant. (*Shaw* v. *Jayne,* 4 How. Pr. 118; *Eddy* v. *Beach,* 7 Abb. Pr. 17.) If the defendant was a justice of the peace acting within his judicial capacity, and was for that reason justified in the wrongful acts charged, it was necessary for him to have shown affirmatively that he had jurisdiction, and his acts lawful. (*Piper* v. *Pearson,* 2 Gray, 124; 61 Am. Dec. 438; *People* v. *Koeber,* 7 Hill, 39, 41; *Mills* v. *Martin,* 19 Johns. 33, 34.) A justice of the peace holds a court of inferior jurisdiction, and there is no presumption in its favor in regard to its actions.

(*Mills* v. *Martin*, 19 Johns. 33, 34; *People* v. *Koeber*, 7 Hill, 41; 1 Smith's Lead. Cas., part 2, 8th ed., 1105; *Downing* v. *Florer*, 4 Col. 209, 210; *Jolley* v. *Foltz*, 34 Cal. 326; *Ex parte Kearny*, 55 Cal. 217; *Keybers* v. *McComber*, 67 Cal. 396; *Dietrichs* v. *Schaw*, 43 Ind. 175; *Miller* v. *Grice*, 1 Rich. 147; *Van Kettler* v. Johnson, 57 Ill. 109; *Morrill* v. *Thurston*, 46 Vt. 735, 736.)

McFARLAND, J.—This is an action for alleged false imprisonment. Defendant demurred to the complaint. His demurrer was overruled, and upon his refusal to answer, judgment was rendered against him. He appeals from the judgment, and relies for reversal upon the insufficiency of the complaint.

In the complaint, it is first averred that on a certain day defendant "imprisoned plaintiff, and caused her to be imprisoned and deprived of her liberty for a period of five days, unlawfully, and with force, and without probable cause, on a pretended charge of contempt of court." The "circumstances attending and immediately surrounding and preceding the said false imprisonment" are then averred, and are substantially these: That, a short time prior to said alleged imprisonment, the defendant, "acting as a justice of the peace for Bear Valley township, in said county," did "wrongfully and unlawfully" issue a writ of restitution, requiring plaintiff to quit and surrender a certain house and premises; that the writ was given to a certain constable, who, with a *posse*, attempted to serve the same; that an "altercation and affray ensued," in which, among other immaterial things mentioned, "the plaintiff was then and there roughly used and handled by said constable and his *posse*"; "that said writ was never served on plaintiff"; that defendant "wrongfully caused her to be arrested, as for a contempt, for the disobedience of said writ of restitution, and imprisoned the plaintiff for a period of five days, *as above set forth*"; and that "by reason of the said false and wrong-

ful imprisonment" the plaintiff was damaged, etc.   The above are all the material averments.

We think that the complaint is fatally defective, and that the demurrer should have been sustained.   It is clear that the acts complained of were done by the defendant in his official capacity as a judicial officer, and there is no averment, in terms, that said acts were without or in excess of his jurisdiction, nor are any facts averred from which such want of jurisdiction appears. And that a judicial officer is not liable for acts done in his official capacity and within his jurisdiction is as thoroughly established as any other principle of law. One of the best expositions of that principle is found in the opinion of Shaw, C. J., in *Pratt* v. *Gardner*, 2 Cush. 68; 48 Am. Dec. 652.   This court has also had frequent occasions to state the principle.   (*Downer* v. *Lent*, 6 Cal. 94; 65 Am. Dec. 489; *Turpen* v. *Booth*, 56 Cal. 68; 38 Am. Rep. 48.)   The question here is not one of evidence or burden of proof; it is a question of pleading.   A complaint, to be sufficient, must contain a statement of facts which, without the aid of other conjectured facts not stated shows a complete cause of action.   As said by this court in *Gates* v. *Lane*, 44 Cal. 397:  " The pleadings but poorly subserve the purpose intended, if the court, before declaring the law upon the points presented by the parties, is compelled, as in this case, to surmise many of the essential facts on which the points turn." In the case at bar, we are left to assume, to imagine, to " surmise," that the defendant, as justice of the peace, for some unrevealed and unknown reason had no jurisdiction to do the acts complained of.   A plaintiff attempting to state a cause of action in his complaint has no right to presume that a justice of the peace acted outside of his jurisdiction.   Where the burden of proof is, when a party relies on the validity of a justice's judgment, is an entirely different question.

The only plausible answer to the above-stated objec-

tion to the complaint rests upon the averment that defendant " wrongfully " caused plaintiff to be arrested, and "unlawfully" did certain other things. There may be some relations where "wrongfully" and "unlawfully," and similar adverbs, have some significance, but the ordinary rule is, that, for purposes of pleading, they are utterly valueless. In *Miles* v. *McDermott*, 31 Cal. 274, the court say: " Such words as ' duly,' ' wrongfully,' and 'unlawfully,' so frequently used in pleadings, might better be omitted. They tender no issue." In *Triscony* v. *Orr*, 49 Cal. 617, which was an action in the nature of trover for the conversion of certain sheep, the complaint merely alleged that the defendants took the property "unlawfully, fraudulently, willfully, and maliciously"; a demurrer to the complaint had been sustained in the trial court, and on appeal to this court the judgment was affirmed. This court, among other things, say: "Whether the defendants took the sheep 'unlawfully' is a question of law, and *not* the statement of an *issuable fact.* If they took them 'fraudulently,' the facts constituting the fraud should have been averred. Otherwise, no issuable fact is stated." In *Reardon* v. *San Francisco*, 66 Cal. 496, 56 Am. Rep. 109, the court say: " If the defendant was empowered by law to do the work counted on, in Army Street, the averment in the complaint, that such work was unlawful and wrongful, would amount to nothing. Such epithets in a pleading are, in general, meaningless. They may be, and are, generally inserted with no valuable purpose, but only to round off or swell out a sentence. Unless *the matters averred show* the acts complained of to be unlawful or wrongful, such words are mere superfluous verbiage." And in *Pratt* v. *Gardner*, 2 Cush. 68, 48 Am. Dec. 652, which was an action against a justice of the peace, and very similar to the case at bar, the complaint was, as Judge Shaw says, "thickly sprinkled" with such epithets as "unlawful," "wrongful," "illegally," "groundless," "false," "willfully,"

"maliciously," etc.; but judgment for the defendant on the demurrer was sustained, and the court said that such epithets "cannot change or qualify the material facts."

Our conclusion is, that the complaint is insufficient, because it does not show that the acts of defendant complained of were without or in excess of his jurisdiction as justice of the peace, and that the use of the words "wrongfully" and "unlawfully" does not supply the omitted facts, and that therefore the demurrer to the complaint should have been sustained.

The judgment is reversed, with directions to the superior court to sustain defendant's demurrer to the complaint.

SHARPSTEIN, J., and THORNTON, J., concurred.

Hearing in Bank denied.