[Civ. No. 514.   Second Appellate District.—September 15, 1908.]

## V. L. DONATI, Appellant, v. MIKE RIGHETTI, Respondent.

FALSE IMPRISONMENT—MALICIOUS PROSECUTION—DISTINCT CAUSES OF ACTION.—The two causes of action, false imprisonment and malicious prosecution, are quite distinct and different, and to be distinguished in several respects. False imprisonment is the unlawful violation of the personal liberty of another, consisting of an unlawful arrest or detention without warrant or by an illegal warrant, or a warrant illegally executed. If the imprisonment is under legal process, but the action has been commenced and carried on maliciously and without probable cause, it is malicious prosecution.

ID.—INSUFFICIENT COMPLAINT FOR FALSE IMPRISONMENT.—A complaint for false imprisonment which shows an arrest and imprisonment under a complaint filed in a justice's court by the defendant charging a disturbance of the peace, which does not show that the warrant issued by the justice was either void, voidable or ir-

regular, is insufficient to state a cause of action, and a demurrer thereto was properly sustained.

ID.—PRESUMPTION AS TO JURISDICTION OF JUSTICE OF THE PEACE.—In the absence of contrary allegations, it must be presumed that the complaint under which the warrant was issued stated facts proper to give the justice of the peace jurisdiction to issue the warrant under which the arrest and imprisonment was made, and that they were made in the legal execution of a lawful warrant.

ID.—PRIOR ARREST AND FINE UNDER COMPLAINT BY CONSTABLE FOR SAME OFFENSE ELSEWHERE—MATTER OF DEFENSE.—The fact that a prior arrest was made for the same offense in another township under complaint of a constable, and that the plaintiff was fined therefor, is matter of defense; and the allegation of it in the complaint does not establish that the arrest and imprisonment upon the second complaint were unlawful.

ID.—DISMISSAL OF SECOND PROSECUTION NOT RETROSPECTIVE.—The dismissal of the second prosecution on the ground that the former arrest and fine were for the same offense did not operate retrospectively to annul or render unlawful the arrest upon the second legal process.

ID.—KNOWLEDGE OF PRIOR ARREST WITHHELD FROM JUSTICE—AVERMENTS IMMATERIAL TO FALSE IMPRISONMENT — DAMAGES.— The averments in the complaint for false imprisonment of the facts concerning the prior arrest, and that the knowledge thereof was withheld by the defendant from the justice, are not allegations material to a cause of action for false imprisonment; and, though evidence thereof may aggravate the damages, they have nothing to do with the cause of action.

ID.—MALICIOUS PROSECUTION—VERDICT OF JURY—KNOWLEDGE BY DEFENDANT OF PRIOR ARREST—QUESTION OF FACT.—Where, upon the trial of the cause of action for malicious prosecution, the verdict was for the defendant, the knowledge of the defendant of the prior arrest, as tending to establish malicious motives and bad faith, was a question of fact for the jury, and there being a conflict of evidence as to such knowledge, the finding for the defendant thereupon is conclusive.

ID.—DISMISSAL OF SECOND CASE ESSENTIAL TO MALICIOUS PROSECUTION. The proof of the fact of the dismissal of the second criminal action, as establishing that the case had been finally determined, was essential to the establishment of a case of malicious prosecution of such action by the defendant.

ID.—REASON FOR DISMISSAL—EXCLUSION HARMLESS AND IMMATERIAL. Assuming, without determining, that it was error to exclude the reason assigned for the dismissal, viz., the uncontroverted fact that defendant charged was before arrested and fined for the same offense, the error was harmless, but whatever the reason, the charge

being one of misdemeanor, the dismissal thereof by the justice finally determined this case, and the reasons became immaterial.

ID.—IMPEACHMENT OF DEFENDANT AS WITNESS—FOUNDATION NOT LAID. Questions put to the defendant on cross-examination, which were admissible only for the purpose of impeachment, and were not properly framed for that purpose, and for which no proper foundation had been laid, were properly excluded.

ID.—INSTRUCTIONS AS TO "MALICE"—CODE DEFINITION.—Where the court correctly declares the law as to the element of "malice" in malicious prosecution, it was not error not to define it in the language of section 7, subdivision 4 of the Penal Code. If defendant had desired it, he should have requested the giving of the code definition, which does not exclude other proper definitions of the word "malice."

APPEAL from a judgment of the Superior Court of San Luis Obispo County, and from an order denying a new trial. E. P. Unangst, Judge.

The facts are stated in the opinion of the court.

Wm. Shipsey, for Appellant.

S. V. Wright, for Respondent.

TAGGART, J.—Action for false imprisonment and malicious prosecution. Judgment for defendant on demurrer as to first cause of action and on verdict on the second cause. Plaintiff appeals from judgment and from order denying motion for a new trial.

Both causes of action are stated in substantially the same language, except that in the second count there is the additional allegation that in procuring the arrest and imprisonment of plaintiff defendant acted maliciously and without probable cause. The complaint shows that plaintiff and defendant quarreled with each other in the city of San Luis Obispo; that a constable of the township made complaint in the justice court of that township against plaintiff for disturbing the peace, and upon this complaint plaintiff was arrested and fined and paid his fine. Four days later defendant procured the arrest of plaintiff upon a complaint filed by him in the justice court of Arroyo Grande township (fourteen or sixteen miles distant from San Luis Obispo), stating the same facts and offense as that to which plaintiff had pleaded guilty in San Luis Obispo, and alleging the offense to have

been committed on the same date. It is also alleged that all the facts relating to the arrest in San Luis Obispo were known to defendant at the time he made the complaint before the justice at Arroyo Grande.

The two causes of action, false imprisonment and malicious prosecution, are quite distinct and different and to be distinguished in several respects. False imprisonment is the unlawful violation of the personal liberty of another. (Pen. Code, sec. 236.) It is the unlawful arrest or detention of a person without warrant, or by an illegal warrant, or a warrant illegally executed. If the imprisonment is under legal process, but the action has been commenced and carried on maliciously and without probable cause, it is malicious prosecution. (8 Ency. of Pl. & Pr., p. 841; *Neves* v. *Costa,* 5 Cal. App. 117, [89 Pac. 860].)

There is nothing in the complaint before us to show that the warrant issued by the Arroyo Grande justice was either void, voidable or irregular. In the absence of contrary allegations, we must assume that the complaint stated facts proper to give the justice jurisdiction. The arrest and imprisonment, then, was made in the legal execution of a warrant which issued as the result of regular judicial action by a justice having jurisdiction. The fact that plaintiff had been arrested before did not make the arrest or imprisonment unlawful. In the course of the proceedings upon the complaint this fact, like any other plea, was a matter of defense to be set up by the party charged. The prosecution being dismissed upon this ground did not operate retrospectively to annul or render unlawful the arrest upon the legal process. The fact that the defendant intentionally withheld his knowledge of the prior arrest from the justice would only tend to establish malicious motives and bad faith. These are not allegations material to an action for false imprisonment, and, although evidence thereof may aggravate the damages, they have nothing to do with the cause of action. (*Neves* v. *Costa,* 5 Cal. App. 117, [89 Pac. 860]; *Marks* v. *Townsend,* 97 N. Y. 590.) The demurrer to the first cause of action was properly sustained.

The question of the knowledge of defendant of the prior arrest was one of fact for the jury to determine. There was a conflict of evidence upon this matter and the jury found in favor of the defendant. We must be content with their finding.

The order dismissing the case brought in the Arroyo Grande justice's court was introduced to show a final determination in favor of plaintiff. It contained the, grounds of the district attorney's motion to dismiss, as follows: "That facts go to show that this defendant has been arrested on this same offense in the justice's court of San Luis Obispo, pleaded guilty, was by that court fined, and paid the same." On motion of defendant, this was excluded on the ground that "the reasons given were no part of the act of the justice of the peace." Appellant contends that the reasons for the dismissal are made a necessary part of the order by section 1385 of the Penal Code, and to exclude this part of the order from the jury was error. Assuming, without determining, that this was error, it clearly was harmless. There was no controversy as to the fact that defendant "had been arrested on this same offense, pleaded guilty, and paid his fine." The showing that the case had been finally determined in favor of plaintiff was essential to the establishment of a case of malicious prosecution. (*Carpenter* v. *Nutter,* 127 Cal. 61, [59 Pac. 301].) Whatever the reason, the charge being a misdemeanor, the dismissal by the justice finally determined the case (Pen. Code, sec. 1387), and the reasons became immaterial.

No error was committed in sustaining defendant's objections to the questions asked him on cross-examination as to whether he had complained to the deputy sheriff about the disturbance. The questions as put were not properly framed for the impeachment of the witness; neither was the proper foundation laid for this purpose, and this was the only purpose which they would have served if proper at all.

If the plaintiff desired an instruction given to the jury in the language of section 7, subdivision 4, of the Penal Code, he should have requested it of the court. The code definition does not exclude the giving of other proper definitions of the word "malice," and we think the instruction given by the court correctly declared the law.

No error appearing from the record, the judgment and order appealed from are affirmed.

Allen, P. J., and Shaw, J., concurred.