[Civ. No. 1602.   First Appellate District.—May 6, 1915.]

## J. F. PANKEWICZ, Appellant, v. CLARA A. JESS, as Recorder of Daly City, etc., et al., Defendants, J. H. MANSFIELD, as Sheriff etc., et al., Respondents.

FALSE IMPRISONMENT—RECORDER'S COURT—WARRANT.—A warrant is a process issued in the name of the state, directed to any sheriff, constable, marshal, or policeman commanding him to arrest and to take into custody the named defendant.

ID.—FAILURE TO SERVE WARRANT—CONTEMPT.—The failure to serve a warrant issued by a recorder's court would be disobedience of the lawful order of the court, and hence contempt thereof, for which the officer so disobeying might be punished as provided by law.

ID.—SERVICE OF WARRANT—DUTY OF OFFICER.—An officer whose duty it is to serve process is bound to serve the same when such process is regular on its face.

ID.—WHEN PROCESS REGULAR.—Process is said to be regular on its face when it proceeds from the court, officer, or body having authority of law to issue process of that nature, and which is legal in form, and contains nothing to notify, or fairly apprise any one that it is issued without authority.

ID.—LACK OF AUTHORITY TO ISSUE WARRANT—DUTY OF OFFICER.—When lack of authority is apparent the officer is not only justified but it is his duty not to serve the illegal process; and if he does so, it is at his peril.

ID.—PLEADING—INSUFFICIENCY OF COMPLAINT—IRREGULARITY OF WARRANT MUST BE ALLEGED.—In an action for damages for false imprisonment where the complaint shows that the imprisonment was made under a warrant, it is the duty of the plaintiff to set out in his complaint the fact that such warrant was irregular on its face. and where the complaint fails to do so, a demurrer should be sustained to it.

APPEAL from a judgment of the Superior Court of San Mateo County.   George H Buck, Judge.

The facts are stated in the opinion of the court.

Joseph Rafael, and Joseph T. Curley, for Appellant.

Charles H. Fairall, for Defendant Clara A. Jess.

Albert Mansfield, for Respondents.

THE COURT.—This is an action for damages for false imprisonment.   The amended complaint alleges that Clara A. Jess was the recorder of Daly City; that the defendant J. H. Mansfield was the sheriff of San Mateo County, and that the American Bonding Company was surety on the bond of said sheriff.   The complaint further alleges that on a certain date Clara A. Jess, as recorder, adjudged the plaintiff guilty of contempt of court, in that he, as marshal of Daly City, willfully and unlawfully neglected and refused to serve a warrant issued by the recorder's court in a certain criminal case, in which the defendant therein was charged with felony; whereupon said recorder sentenced the plaintiff to pay a fine of fifty dollars, or in default thereof to be imprisoned in the county jail for one day.   It is also alleged that Mansfield, the sheriff, acting upon the commitment placed in his hands by said recorder, against the will and consent of the plaintiff, took him into custody and imprisoned him in the county jail for one day.   In consequence of this imprisonment plaintiff claims damages in the sum of twenty-five thousand dollars for injury to his good name, to his credit, and to his reputation as marshal.

To the complaint each of the defendants interposed a general and special demurrer.   The demurrer of Clara A. Jess was overruled; but the demurrers of the other defendants were sustained, and a judgment of dismissal as to them was duly entered, from which judgment this appeal is taken.

These demurrers were alike, and will be discussed together.

It is conceded that the provisions of the code applicable to justices' courts are also applicable to recorders' courts.   A warrant is a process issued in the name of the state, directed to any sheriff, constable, marshal or policeman, commanding him to arrest and take into custody the named defendant

(Pen. Code, sec. 1427). The failure to serve a warrant issued by a recorder's court, it appears, would be disobedience of a lawful order of the court, and hence a contempt thereof, for which the officer so disobeying might be punished as provided by law (Code Civ. Proc., sec. 906, subd. 3.)

An officer whose duty it is to serve process is bound to serve the same when such process is regular on its face. Process is said to be regular on its face when it proceeds from a court, officer, or body having authority of law to issue process of that nature, and which is legal in form, and contains nothing to notify or fairly apprise any one that it is issued without authority (*Thompson* v. *Laughlin*, 91 Cal. 313, [27 Pac. 752]; *Brichman* v. *Ross*, 67 Cal. 601, [8 Pac. 316]; 19 Cyc. 343; 2 Cooley on Torts, p. 1480; Pol. Code. sec. 4168.) When lack of authority is apparent the officer is not only justified but it is his duty not to serve the illegal process; and if he does so it is at his peril. The only ground, therefore, upon which an action can be predicated against an officer for executing process is where the lack of authority for its issuance is apparent on its face. It may be that in an action for false imprisonment the mere allegation standing alone that the plaintiff had been imprisoned without warrant or authority and against his will, would be a sufficient statement of a cause of action; but where, as here, the complaint shows that the imprisonment was made under a warrant, it is the duty of the plaintiff to set out in his complaint the fact that such warrant was irregular on its face (*Barker* v. *Anderson*, 81 Mich. 508, [45 N. W. 1108]; 19 Cyc. 357; *Barfield* v. *Turner*, 101 N. C. 357, [8 S. E. 115]). Every allegation in the complaint in the present case may be true, and yet it may be equally true that the arrest of the plaintiff was upon a warrant regular upon its face.

For the reasons stated the judgment appealed from is affirmed.