[Civ. No. 3618. First Appellate District, Division One.—January 11, 1921.]

## JOHN LAPIQUE, Appellant, v. KATE AGOURE, Administratrix, etc., et al., Respondents.

[1] FALSE IMPRISONMENT—INSUFFICIENT COMPLAINT.—In an action for damages on account of alleged false imprisonment for contempt of court and for criminal libel, the complaint fails to state a cause of action where it does not show how or in what manner or under what circumstances plaintiff was committed for contempt of court, or in what respect defendants could be responsible for his conviction and imprisonment on this charge, or how or under what

circumstances plaintiff was imprisoned on a charge of criminal
libel, or in what manner his arrest or release was secured—whether
by serving or satisfying a fixed term of imprisonment or other-
wise—and there is nothing in the complaint to show that the pro-
cess upon which plaintiff was arrested was defective or void, or
the judgment thereon illegal, or that the courts were without power
or jurisdiction to arrest and imprison plaintiff on the charges re-
cited.

[2] ID.—WANT OF JURISDICTION—PLEADING.—A complaint for false
imprisonment must aver facts from which want of jurisdiction ap-
pears. Allegations that the imprisonment was unlawful and void
tender no issue.

[3] ID.—IMPRISONMENT IN DUE COURSE OF REGULAR PROCEEDINGS.—
An action for false imprisonment does not lie for an imprisonment
in due course of regular proceedings of a court having jurisdiction
of the offense.

APPEAL from a judgment of the Superior Court of Los
Angeles County. Dana R. Weller, Judge. Affirmed.

The facts are stated in the opinion of the court.

John Lapique, *in pro. per.,* for Appellant.

O'Melveny, Millikin & Tuller for Respondent Title Guar-
antee & Surety Co.

KERRIGAN, J.—This action was brought by plaintiff to
recover the sum of $175,000 for false imprisonment.

Demurrers by the various defendants were interposed to
plaintiff's second amended complaint, which were sustained
without leave to amend, and judgment of dismissal followed.
The present appeal is from such judgment.

Plaintiff appeared in the court below and does here *in pro-
pria persona.* It is manifest that he is not an attorney at
law, and, in fact, his pleading so admits. The amended com-
plaint contains some sixty-four allegations, in addition to
which eleven additional causes of action are attempted to
be stated. It would be an endless task to review its allega-
tions in detail, and no useful purpose would be subserved
thereby. In substance the pleading is an attempt to state a
cause of action for damages on account of two imprison-

---

3. False imprisonment, notes, 54 **Am. Dec.** 258; 67 **Am. St. Rep.**
408, 118 **Am. St. Rep.** 719.

ments suffered by the plaintiff—one for contempt of court, the other for criminal libel. The demurrers of the different defendants were based upon numerous grounds, among which were that the complaint did not state a cause of action; that it was unintelligible and uncertain; that several causes of action were improperly united, and that the alleged cause of action was barred by the statute of limitations.

[1] In substance the complaint recited that one Pierre Agoure died a resident of Los Angeles, leaving an estate of the value of about $800,000; that he was indebted to plaintiff at the time of his death as a partner in the sum of $27,573.65; that the wife of Agoure had prior to his death, through forgery and perjury, acquired a homestead in property of her husband valued at about $300,000; that defendants murdered Agoure by administering poison to him, and that his wife was thereafter appointed administratrix of his estate, and that one of the defendants, the Title Guaranty and Surety Company, became a surety on her bond. Then follow different recitals showing the attempt of plaintiff to collect his alleged claim. Among other things, he recites the filing of objections to the account of the administratrix and to her petition for final distribution. He also alleges an application on his part for a change of venue upon such hearings upon the ground of bias and prejudice of each and all of the judges of the superior court of Los Angeles, the granting of such motion, and the false and fraudulent entry by the clerk of an order reciting that his motion had been denied. Then follow recitals that the plaintiff was unlawfully imprisoned for contempt of court, and prosecuted and unlawfully imprisoned for criminal libel and kept in confinement from December 21, 1914, to September 8, 1916. In this connection it is also alleged that one of the defendants caused him to be held *"incommunicado."* By other recitals certain of the defendants are charged with various other offenses, but we do not deem a further review of the allegations necessary. Enough has been said to indicate that the demurrers were properly sustained. The complaint nowhere shows how or in what manner or under what circumstances plaintiff was committed for contempt of court, or in what respect defendants could be responsible for his conviction and imprisonment on this charge; nor can it be ascertained from the complaint how and under what cir-

cumstances plaintiff was imprisoned on a charge of criminal libel, or in what manner his arrest or release was secured— whether by serving or satisfying a fixed term of imprisonment or otherwise. There is nothing in the complaint to show that the process upon which plaintiff was arrested was defective or void, or the judgment thereon illegal, or that the courts were without power or jurisdiction to arrest and imprison plaintiff on the charges recited.

[2] A complaint for false imprisonment must aver facts from which want of jurisdiction appears. Allegations, as here, that the imprisonment was unlawful and void tender no issue. (*Going* v. *Dinwiddie,* 86 Cal. 633, [25 Pac. 129].)

Here there is no showing that the warrant issued in the criminal libel case, or the commitment on the contempt charge, were insufficient to state a cause of action, for in the absence of contrary allegations it must be presumed that the complaints under which the warrant was issued stated facts proper to give the court jurisdiction to issue the process under which the arrests and imprisonments were made, and that they were made in the legal execution of a lawful authority. (*Donati* v. *Righetti,* 9 Cal. App. 45, [97 Pac. 1128].)

Nor does the complaint show that the judgments rendered in either of the prosecutions complained of have ever been directly attacked, or that they do not stand in full force and effect.

[3] An action for false imprisonment does not lie for an imprisonment in due course of regular proceedings of a court having jurisdiction of the offense. (19 Cyc. 339.)

For the reasons given the judgment is affirmed.

Richards, J., and Seawell, P. J., *pro tem.,* concurred.

A petition for a rehearing by the district court of this cause was denied by the district court of appeal on February 10, 1921, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 10, 1921.

All the Justices concurred.