[Civ. No. 8350.   First Appellate District, Division One.—August 24, 1932.]

WILHEMINA FOERST, Appellant, v. WILLIAM D. HOBRO et al., Respondents.

M. Jas. McGranaghan for Appellant.

John J. O'Toole, City Attorney, and Walter A. Dold, Chief Deputy City Attorney, for Respondents.

TUTTLE, J., *pro tem.*—This was an action to recover damages for an alleged false imprisonment, brought against two inspectors of the department of health of the city and county of San Francisco, one of whom was chief inspector. Demurrers to the original and the first amended complaint were sustained with leave to amend; and the second amended complaint being defective also, the demurrer thereto was sustained without leave to amend. Judgment in favor of defendants was entered accordingly, and plaintiff appeals therefrom.

The complaint alleged that the inspector, acting under instructions from and at the direction of his chief, swore to a criminal complaint against plaintiff, pursuant to which she was arrested by a police officer and imprisoned in the city prison for several hours; and that as a result of such arrest and imprisonment she suffered damages on account of humiliation, mental shock and physical injuries.

As will appear from the second amended complaint, and from plaintiff's brief on appeal, her claim that the imprisonment was illegal is based solely upon the assertion that the complaint in the criminal proceeding did not state a public offense. She did not set forth a copy of the criminal complaint, however, nor any portion thereof, nor the substance of any of its allegations; nor did she allege generally or at all wherein the said criminal complaint was defective or failed to state a public offense; in fact she did not even indicate the nature of the criminal charge placed against her. With respect thereto, both on this appeal and before the trial court, she was chosen to stand on the single allegation contained in paragraph VI of the second amended

complaint: "That the said arrest was illegal and unlawful by reason of the fact that the aforesaid [criminal] complaint did not state a public offense."

Respondents contend that the foregoing allegation is but a conclusion of law, and that therefore, since no facts are pleaded which show the imprisonment to have been unlawful, no cause of action is stated. The authorities fully sustain such contention. ▮ As held in the case of *Burlingame* v. *Traeger*, 101 Cal. App. 365 [281 Pac. 1051], a demurrer to a complaint for false imprisonment is properly sustained where the complaint fails to allege any facts indicating that the order of arrest or the affidavit upon which it is based are insufficient, and where there is no showing of any irregularity on the face of the order of arrest or any lack of jurisdiction of the court to issue it; allegations that the order is illegal, unauthorized and void, and that the affidavit is insufficient, being mere conclusions of law. In so holding the court said (p. 369): "The rules are elementary that an allegation that an instrument is 'illegal', 'unauthorized' or 'void' is but a conclusion of law, and that such words, when used in connection with issuable facts, are to be regarded as mere surplusage and never obviate the necessity of alleging the *facts* showing wherein the illegality, lack of authorization or invalidity lies." Likewise in the case of *Going* v. *Dinwiddie*, 86 Cal. 633 [25 Pac. 129], it was held that allegations charging merely that the acts constituting such imprisonment were done "wrongfully" or "unlawfully" are nothing more than conclusions of law, and tender no issue, where no facts are averred to show the acts complained of are wrongful or unlawful, the court saying: "There may be some relations where 'wrongfully' and 'unlawfully,' and similar adverbs, have some significance, but the ordinary rule is, that, for the purposes of pleading, they are utterly valueless." And again, in *Lapique* v. *Agoure*, 51 Cal. App. 56 [195 Pac. 1075, 1076], in holding that an action for false imprisonment does not lie for an imprisonment in due course of regular proceedings of a court having jurisdiction of the offense (19 Cyc. 339), the court goes on to say that "a complaint for false imprisonment must aver facts from which want of jurisdiction appears. Allegations, as here, that the imprisonment was unlawful and void tender no issue"; citing *Going* v. *Din-*

*widdie, supra.* ▆▆▆ From the foregoing it will be seen that where, as here, it affirmatively appears from the complaint that the alleged wrongful detention is pursuant to judicial proceedings, facts must be stated showing that such proceedings were defective and that therefore the court in which they were had was without jurisdiction; and that it is not enough to allege merely that the complaint was insufficient or that the court had no jurisdiction. (25 Cor. Jur., p. 533, sec. 129.)

▆▆▆ Stripped, then, of its conclusions of law, the second amended complaint shows merely that an inspector of the department of health instituted a criminal proceeding in a court of competent jurisdiction, by swearing to a complaint charging plaintiff with a criminal offense, and that thereafter plaintiff was arrested and imprisoned under process duly issued in said proceeding. In that state of the pleading, all presumptions of regularity being indulged in, and no facts being alleged showing how or in what respect the proceeding was defective, no cause of action for false imprisonment has been stated.

The case of *Ah Fong* v. *Sternes*, 79 Cal. 30 [21 Pac. 381], stressed by plaintiff in support of her position, is essentially different from the present one for there, in addition to alleging that plaintiff was unlawfully imprisoned, the complaint set forth specific facts, which, in themselves, if true, were sufficient to establish an illegal imprisonment. In this regard it was alleged that a writ of *habeas corpus* had been duly issued by the superior court commanding defendant to produce the body of plaintiff at a specified time and place; that said writ had been served on defendant while he had plaintiff in his custody and under his control; and that defendant refused to obey such writ. Plaintiff calls attention to certain language used in the decision therein which she claims upholds the form of complaint here filed; but an analysis of the language relied upon, in the light of the cases cited by the court in support thereof, shows clearly that the language was intended to apply to cases such as the court then had under consideration, where specific facts are alleged which are legally sufficient in themselves to show an illegal imprisonment, or to cases where the arrest is made without the sanction of a warrant or any judicial proceed-

ing, and facts are alleged which, if true, would establish an illegal arrest and detention.

We conclude, therefore, that the demurrer to the second amended complaint was properly sustained, and no other points being made with respect thereto, the judgment appealed from is affirmed.

Knight, Acting P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 23, 1932.