[Civ. No. 9953. First Appellate District, Division One.—November 14, 1936.]

OSCAR S. MALONE, Appellant, v. E. J. CAREY et al., Respondents.

Harold F. Sawallisch for Appellant.

Leonard J. Meltzer, George La Coste and Joseph G. De Forest for Respondents.

TYLER, P. J.—Action for damages for false imprisonment. Defendants are officers of the town of Emeryville and their official bondsmen, to wit, J. L. Kennon, city judge; E. J. Carey, chief of police; J. J. Carey, assistant chief; Paul Lees, city clerk; and A. Sargent, police officer. The second amended complaint alleges in substance that the defendant E. J. Carey, while acting in his official capacity as chief of police, through the agency of J. J. Carey, his assistant, swore to a complaint against plaintiff for the violation of a traffic ordinance of Emeryville; that defendant J. L. Kennon, city judge, without jurisdiction of the person or subject-matter, issued a warrant on said com-

plaint, which warrant was delivered to the police department of the city of Richmond with instructions to apprehend plaintiff and hold him for the Emeryville authorities under and by virtue of said warrant. Pursuant to such instructions plaintiff was arrested by the Richmond police department at approximately 5:50 P. M. on the evening of January 11, 1935, and held until 7:25 P. M. of the same day, at which time he was delivered to the custody of defendant A. Sargent, a police officer of the town of Emeryville, then and there acting in his capacity as such officer under the direction of defendant E. J. Carey, chief of police of Emeryville. Such complaint further alleges that defendant A. Sargent returned to Emeryville with plaintiff, whereupon, discovering that an error had been committed in the arrest, defendants, police authorities, released plaintiff from custody. It is charged that the complaint was false and untrue in that plaintiff had theretofore, in November, 1934, appeared before said city judge and pleaded guilty of the offense charged and had been fined the sum of $2 by said city judge, which fine was satisfied and paid by manual labor, such labor being imposed by the judge, defendant being without funds. It is then alleged that the complaint upon which the second arrest was made was false and untrue and void; that it was erroneously, irregularly and illegally issued, and the subsequent arrest and imprisonment under the complaint and warrant were wrongful and unlawful, all of which facts defendants and each of them well knew. Damages were claimed in the sum of $5,000. A demurrer to the second amended complaint was sustained with ten days' leave to amend. Plaintiff refused to amend and judgment was entered in favor of defendants. Plaintiff appeals from the judgment.

 In so far as the police officers are concerned it is obvious the complaint fails to state a cause of action. No allegation is contained therein to the effect that the warrant was not valid on its face. It was clearly the duty of the officers to make the arrest, having received a warrant valid on its face. Where a warrant valid in form and issued by a court of competent jurisdiction is placed in the hands of an officer for execution, it is his duty without delay to carry out its commands. The law is well settled that for the

proper execution of such process the officer incurs no liability, however disastrous may be the effect of its execution upon the person against whom it is issued. (*Kalish* v. *White*, 36 Cal. App. 604 [173 Pac. 494]; *Pankewicz* v. *Jess*, 27 Cal. App. 340 [149 Pac. 997]; *Going* v. *Dinwiddie*, 86 Cal. 633 [25 Pac. 129]; *Stubbs* v. *Abercrombie*, 42 Cal. App. 170 [183 Pac. 458].)· Nor does the fact that the complaint alleges that the imprisonment was unlawful and void, alter or change the situation. Such an allegation tenders no issue. (*Lapique* v. *Agoure*, 51 Cal. App. 56 [195 Pac. 1075].) The confinement and restraint of plaintiff by the officers was unfortunate but for this they are not responsible.

▮ The complaint also fails to state a cause of action against respondent Kennon as city judge. If a justice of the peace acquires jurisdiction of the person and jurisdiction of the subject-matter his acts thereafter will be considered as judicial for which he will not be held civilly liable. Even where he divests himself of jurisdiction under a sentence he is not liable for damages for false imprisonment in the absence of a claim of malice. (*Ceinar* v. *Johnston*, 134 Cal. App. 166 [25 Pac. (2d) 28]; *Platz* v. *Marion*, 35 Cal. App. 241 [169 Pac. 697].) That a judicial officer is not liable for acts done in his official capacity and within his jurisdiction is well established. It would be destructive of an efficient branch of our judicial system to promulgate a rule whereby a justice of the peace would be subject to a civil suit for damages for a mere error in judgment in the doing of some act within the general scope of his judicial powers. (*Platz* v. *Marion, supra.*)

The case of *Donati* v. *Righetti*, 9 Cal. App. 45 [97 Pac. 1128], is on all fours with the instant case. There the complaint showed that plaintiff and defendant quarreled with each other in the city of San Luis Obispo; that a constable of the township made complaint in the justice's court against plaintiff for disturbing the peace, and upon this complaint plaintiff was arrested and fined and his fine paid. Four days later defendant procured the arrest of plaintiff upon a complaint filed by him in the justice's court of a different township, stating the same offense as that of which plaintiff had been convicted. It was there held that where the complaint for false imprisonment failed to

show that the warrant issued was void, voidable or irregular it failed to state a cause of action and a demurrer thereto was properly sustained. It was further held that in the absence of contrary allegations, it will be presumed that the complaint under which the warrant was issued stated facts proper to give the justice of the peace jurisdiction to issue the warrant under which the arrest and imprisonment were made, and that they were made in the legal execution of a lawful warrant, and the facts that a prior arrest was made for the same offense and plaintiff had paid his fine does not establish that the arrest and imprisonment upon the second complaint were unlawful.

As the second amended complaint is insufficient as to the chief of police, E. J. Carey, it is insufficient as to his surety, defendant American Surety Company of New York.

The judgment is affirmed.

Knight, J., and Cashin, J., concurred.