(No. 7285. April 30, 1946.)

E. JAY JONES, Plaintiff-Appellant, v. LEWIS J. GREEN, Defendant-Respondent.

[168 P. (2d) 834.]

A. A. Merrill for appellant.

732

J. H. Andersen for respondent.

BUDGE, J.—This is an action brought to recover damages for an alleged false imprisonment. The court sus-

tained respondent's general and special demurrer to appellant's amended complaint, whereupon appellant failed to plead further, and his default was entered. Thereafter judgment was entered dismissing the action. This appeal is from the judgment.

Appellant assigns as error the action of the court in sustaining the general and special demurrer, and dismissing the action.

The charging part of appellant's amended complaint is as follows:

"That on or about the 11th day of January, 1945 at Blackfoot, Idaho, the defendant, Lewis J. Green, did then and there sign a criminal complaint against the plaintiff, a copy of which is attached hereto, and made a part hereof as fully as though the same were set out in full herein, charging the plaintiff with the crime of forgery, and did then and there cause the sheriff of Bingham County, Idaho, to take the plaintiff into custody at about 4 o'clock P. M. of said day, and did then and there detain the plaintiff and restrain him of his liberty by causing the plaintiff to be lodged in the Bingham County jail without any right or authority so to do and against the will and consent of the plaintiff."

Attached to the amended complaint and made a part thereof is a copy of a criminal complaint evidently filed in the Probate Court of Bingham County, signed and sworn to by respondent.

Appellant was taken into custody by the sheriff, a preliminary examination was had, and appellant was held to answer to the district court. Being unable to furnish bond, he was incarcerated in the Bingham County jail. There is also attached to the civil complaint an order made by the Judge of the Sixth Judicial District, for Bingham County, wherein is recited, among other things, substantially the facts as above stated, and the further fact that "on January 26th, 1945, the Prosecuting Attorney of Bingham County, Idaho * * * filed in the said District Court a statement of his reasons for failure to file information, and said statement having been called to the attention of the * * * District Judge," who approved the same and entered the following order:

"NOW THEREFORE, IT IS ORDERED, that the said case be and the same is hereby dismissed, and the Sheriff of Bingham County, Idaho is hereby ordered and directed to release and discharge the said defendant, E. Jay Jones, from his custody upon said charge."

In the criminal complaint it is alleged that appellant, on January 5, 1945, delivered to respondent a certain check drawn on the Idaho Bank and Trust Co., payable to Green's Drive In, in the amount of $5.00, which respondent accepted. No other conclusion can be drawn from the record than that the check was presented to the Idaho Bank and Trust Co., for payment, and payment refused. The check bears the notation "No acct."

It is the contention of appellant the complaint states a cause of action against respondent for false imprisonment.

Where it appears, as in the case at bar, that the arrest and imprisonment were made pursuant to legal proceedings, it is necessary to allege facts showing wherein said legal proceedings or process were defective, illegal or unlawful.

It is not alleged in the complaint whether appellant was arrested with or without a warrant or other legal process, or by what means or in what manner respondent participated in appellant's arrest or was in any manner connected therewith, if at all, or in what respect the arrest was illegal or unlawful. Therefore the presumption prevails that the proceedings were regular. It is alleged that the criminal complaint charged appellant with the crime of forgery, which allegation is not denied. The complaint is defective in that it cannot be determined therefrom in what illegal manner or by what wrongful means the sheriff took appellant into custody, or in what respect or for what reason the imprisonment was unlawful.

In other words, appellant affirmatively discloses by his pleadings that judicial proceedings were employed culminating in appellant's imprisonment, but alleges no facts constituting the invalidity of such judicial proceedings, but merely alleges a conclusion, to-wit, that the sheriff of Bingham County restrained appellant of his liberty by causing him to be lodged in the Bingham County jail without any

right or authority so to do, and against his will and consent.

The rule is elementary that an allegation that plaintiff was lodged in jail without any right or authority so to do and against his will and consent is but a conclusion; that such words, when used in connection with an issuable fact, are to be disregarded as mere surplusage, and never avoids the necessity of alleging the facts showing wherein the illegality, or lack of authority, or invalidity lies. (*Going v. Dinwiddie* (Cal.), 25 P. 129; *Monahan v. Dep't of Water and Power* (Cal.), 120 P .(2d) 730 at 734.)

In *Foerst v. Hobro* (Cal.), 13 P. (2d) 1055, the court held:

"Complaint alleging plaintiff was charged with criminal offense and imprisoned stated no cause of action for false imprisonment where not alleging how proceeding was defective."

In *Evans v. Wixom* (Cal.), 176 P. 873, it is said:

"If we consider the action as one for false imprisonment, the complaint does not state a cause of action, since it does not show that the plaintiff's arrest by the sheriff in the former proceeding was not under a legal warrant."

In *Lipique v. Agoure* (Cal.), 195 P. 1075, the court said:

"A complaint for false imprisonment must aver facts from which want of jurisdiction appears. Allegations as here, that the imprisonment was unlawful and void, tender no issue."

Where no judicial proceeding is had it is not necessary to allege the arrest was unlawful, but if judicial proceedings were employed, then facts constituting the invalidity of such proceedings must be alleged. We invite particular attention to *Smith v. Clark* (Utah), 106 P. 653, 26 L.R.A. (N.S.) 953, Ann. Cas. 1912B, 1366, wherein the questions here are fully discussed and decided.

We do not think it can be logically contended, in view of the allegations of the complaint and exhibits attached thereto, that the complaint states facts sufficient to constitute a cause of action for false imprisonment of appellant by respondent.

Under the authority above cited, we are of the opinion the complaint was vulnerable to the general and special demurrer.

The judgment is affirmed. Costs to respondent.

Ailshie, C.J., and Givens, Holden and Miller, JJ., concur.