[Civ. No. 4124. Fourth Dist. Nov. 16, 1950.]

RICHARD C. BARRIER, Appellant, v. D. B. W. ALEX-
ANDER et al., Respondents.

498

J. Frederick Rosen and Rosen & Taylor for Appellant.

Fred N. Howser, Attorney General, and Frank Richards, Deputy Attorney General, for Respondents.

MUSSELL, J.—Plaintiff appeals from a judgment of dismissal entered in favor of defendant Wesley Patton after a demurrer to the second amended complaint was sustained without leave to amend.

It was alleged in substance in the second amended complaint that a complaint was filed against plaintiff herein in the Justice's Court of Mecca Township charging him with violation of section 505 of the Vehicle Code on October 18, 1948; that at the time of the commission of the said purported act plaintiff was not arrested; that thereafter and pursuant to section 737 of the Vehicle Code plaintiff was notified in writing by defendant Tyson, of the California Highway Patrol, to appear in the justice's court on November 15, 1948; that plaintiff was unable to appear at the time stated and was orally notified by the court that he need not appear until February 25, 1949; that at said time and place, plaintiff, with

counsel, appeared in court; that the magistrate held that the complaint was faulty and ordered the district attorney to file an amended complaint; that plaintiff was released on his own recognizance and thereafter an amended complaint was filed charging him with the same offense from which he had been released on his own recognizance; that on March 1, 1949, plaintiff was arrested by defendant Wesley Patton, an officer of the highway patrol, upon a warrant of arrest issued by the same court and was imprisoned until his release on bail. It was further alleged, in effect, that the process upon which plaintiff was arrested was illegal; that the court had no jurisdiction to issue the warrant because plaintiff had been notified under the provisions of section 737 of the Vehicle Code that he need not appear in court until November 15, 1948; that said notification was a waiver of plaintiff's written promise to appear and that, therefore, the warrant of arrest was void as violative of section 739f of the Vehicle Code.

A cause of action was not stated for false imprisonment or malicious prosecution and the trial court properly sustained the demurrer of defendant Patton to the second amended complaint.

■ False imprisonment is the unlawful violation of the personal liberty of another, and malicious prosecution is the procuring of the arrest and prosecution of another under lawful process, but from malicious motives and without probable cause. (12 Cal.Jur. 430; *Neves* v. *Costa,* 5 Cal.App. 111, 117, 118 [89 P. 860]; *Pierre* v. *Great Atlantic etc. Tea Co.,* 4 Cal.App.2d 468, 469 [40 P.2d 909].)

■ In an action for false imprisonment the interference with the personal liberty of the plaintiff must be unlawful and without authority. (*Neves* v. *Costa, supra,* 117.)

In the instant case plaintiff failed to plead facts sufficient to show that the warrant issued and served was void or illegal. In the absence of such allegations, we must assume that the amended complaint in the justice's court stated facts sufficient to give the court jurisdiction. (*Donati* v. *Righetti,* 9 Cal.App. 45, 48 [97 P. 1128].)

■ It is apparent that insofar as the defendant Wesley Patton is concerned, the amended complaint fails to state a cause of action for false imprisonment. No allegation appears therein to the effect that the warrant was not valid on its face. It was the clear duty of the officer to make the arrest, having received a warrant, valid on its face.

As was said in *Malone* v. *Carey*, 17 Cal.App.2d 505, 506, 507 [62 P.2d 166]:

"Where a warrant valid in form and issued by a court of competent jurisdiction is placed in the hands of an officer for execution, it is his duty without delay to carry out its commands. The law is well settled that for the proper execution of such process the officer incurs no liability, however disastrous may be the effect of its execution upon the person against whom it is issued. (*Kalish* v. *White*, 36 Cal.App. 604 [173 P. 494]; *Pankewicz* v. *Jess*, 27 Cal.App. 340 [149 P. 997]; *Going* v. *Dinwiddie*, 86 Cal. 633 [25 P. 129]; *Stubbs* v. *Abercrombie*, 42 Cal.App. 170 [183 P. 458].) Nor does the fact that the complaint alleges that the imprisonment was unlawful and void, alter or change the situation. Such an allegation tenders no issue. (*Lapique* v. *Agoure*, 51 Cal.App. 56 [195 P. 1075].)"

 It is alleged that plaintiff was notified by an officer of the highway patrol to appear in the justice's court on a specified date and that such a notification was given pursuant to the provisions of section 737 of the Vehicle Code. That section provides in part:

"737. When Officer Has Option to Take Arrested Person Immediately Before a Magistrate. Whenever any person is arrested for any of the following offenses and the arresting officer is not required as hereinbefore provided to take such person immediately before a magistrate, the arrested person shall, in the judgment of the arresting officer, either be given a five days' notice to appear as herein provided or be immediately taken before a magistrate within the county in which the offense charged is alleged to have been committed and who has jurisdiction of such offense and is nearest or most accessible with reference to the place where said arrest is made."

It is evident that the quoted portion of the section has no application to plaintiff's case because no arrest was made at the time of the commission of the alleged offense, and the only arrest of plaintiff was at a later date upon a warrant issued on an amended complaint by a magistrate having jurisdiction of the offense. The allegation that the notification was a waiver of plaintiff's written promise to appear in court and that the warrant was, therefore, void, is not a statement of fact but a conclusion of law and tenders no issue. (*Burlingame* v. *Traeger*, 101 Cal.App. 365, 368, 369 [281 P. 1051].)

Sections 739-739.2, inclusive, of the Vehicle Code prescribe the procedural steps to be taken by an arresting officer when

an arrested person is not immediately taken before a magistrate. ■ In the instant case plaintiff, upon his arrest, was immediately taken before the justice's court and released on bail. The provisions of section 739 of the Vehicle Code relative to the giving of a written promise to appear in court were, therefore, inapplicable in the present case and no such written promise was given. ■ The fact that plaintiff was released by the court on his own recognizance when the original complaint was dismissed did not deprive the court of jurisdiction to issue a warrant of arrest upon the filing of the amended complaint.

■ It was alleged that the defendants knew that plaintiff was represented by counsel; that no attempt was made to serve counsel with the amended complaint and no notice was given that plaintiff should appear or post bail and that the court never revoked its order releasing the plaintiff on his own recognizance. These matters only affect the proceedings leading up to the issue of the warrant of arrest and as was said in *Downey* v. *Allen,* 36 Cal.App.2d 269, 273 [97 P.2d 515]:

"A peace officer is not liable for the service of a warrant which is valid upon its face, irrespective of any defects in the proceedings leading up to the issuance thereof."

■ The amended complaint herein does not contain facts sufficient to state a cause of action against the defendant for malicious prosecution because it does not state that the proceeding upon which it was based has finally terminated in favor of the plaintiff. This is one of the essential elements of a complaint for malicious prosecution. (*Neves* v. *Costa, supra,* 118; 16 Cal.Jur. 734, 744, 745.)

Plaintiff contends that he should have been permitted to further amend his complaint. However, the court permitted him to amend upon two occasions and there is nothing set forth in his brief to indicate that the complaint could be amended so as to state a cause of action. It is apparent from the pleadings that the charge is that plaintiff was arrested upon a warrant which he claims the court was without jurisdiction to issue. It is assumed that plaintiff has alleged all the available facts relative to his arrest and imprisonment because he was given ample opportunity to do so by the trial court in allowing him to twice amend his complaint.

■ The implied conclusion of the trial court that the complaint could not be amended so as to obviate the objections made thereto is supported by the record and we find no error in the ruling sustaining the demurrer without leave to amend.

502

(*Hauser* v. *Pacific Gas & Elec. Co.*, 133 Cal.App. 222, 228 [23 P.2d 1068] ; *Payne* v. *Baehr,* 153 Cal. 441, 447, 448 [95 P. 895] ; *Hillman* v. *Hillman Land Co.,* 81 Cal.App.2d 174, 181 [183 P.2d 730].)

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.