[Civ. No. 15494. Second Dist., Div. Three. Mar. 28, 1947.]

WILBUR T. DILLON, Appellant, v. GRACE M. HASKELL, Respondent.

John A. Jorgenson for Appellant.

Maurice Blumenthal for Respondent.

SHINN, Acting P. J.—Plaintiff brought this action for damages for false imprisonment. Following allegations in his first amended complaint that plaintiff has long been a tenant of defendant in a two-story building in which both resided, the complaint read as follows: "II. Defendant claims that on January 30, 1946, someone, without permission and with felonious intent, broke into her apartment aforesaid and stole considerable property, especially jewelry, belonging to defendant. About 9:15 P. M. or 9:30 P. M. on Saturday, the 9th day of February, 1946, as plaintiff returned to his home at 4316 Woodman Ave., Van Nuys, California, from his employment in Alhambra, California, plaintiff, at the instigation and procurement of defendant, was arrested by two police officers on the charge of having committed said burglary, and, at defendant's instigation and procurement, said police officers forcibly, and against plaintiff's will, took him to the police station in Van Nuys where he was grilled by them for two or three hours, and then locked up in a jail cell with drunks, criminals, and other disreputable characters, and confined therein, against his will, until noon the next day, upon said charge, and then released." It was then alleged that plaintiff had never entered defendant's premises with felonious intent nor taken any of her property nor committed against defendant the crime of burglary or larceny or any other criminal offense. This complaint was demurred to generally, and upon the ground that it was uncertain, in that it failed to allege facts showing that plaintiff's arrest was "at the instigation and procurement of defendant." The demurrer was sustained, leave to amend was granted, which was not availed of, and judgment of dismissal was entered.

Respondent's sole argument in support of the judgment is that the allegation that plaintiff was arrested "at the instigation and procurement of defendant" stated a mere conclusion, and was not the equivalent of a charge that defendant instigated and procured the arrest. The point it without merit. Defendant could not have failed to understand that she was charged with having caused the arrest. It is required by section 426 of the Code of Civil Procedure that the complaint state facts constituting the cause of action in ordinary and concise language. It is not to be tested for literary excellence.

The judgment should be affirmed if it appears that the complaint failed to state a cause of action, even though the defect is one not discussed in the briefs on appeal. The complaint was defective, and subject to general demurrer. ■ False imprisonment as a penal offense is the unlawful violation of the personal liberty of another. (Pen. Code, § 236.) Whether the offense is treated as a tort or as a crime, the definition is the same. (*Donati* v. *Righetti*, 9 Cal.App. 45 [97 P. 1128]; *Kroeger* v. *Passmore*, 36 Mont. 504 [93 P. 805, 14 L.R.A. N.S. 988].) ■ Imprisonment consisting merely of a lawful arrest is not false imprisonment. Authority of a peace officer to make an arrest is derived from section 836 of the Penal Code. The lawfulness of the arrest of plaintiff must be tested by the provisions of this section. (*Dowdell* v. *Owl Drug Co.*, 121 Cal.App. 316 [8 P.2d 890].) ■ The circumstances warranting an arrest, pertinent to the present inquiry, are (1) in obedience to a warrant delivered to him; if the arrest is made without a warrant; (2) when a felony has in fact been committed and he has reasonable cause to believe the person arrested to have committed it; or (3) on a charge made, upon a reasonable cause, of the commission of a felony by the party arrested. The presumption of law is that the officers acted in the performance of duty. (*Davis* v. *Pacific Telephone etc. Co.*, 127 Cal. 312 [57 P. 764, 59 P. 698].) ■ A complaint for unlawful imprisonment which fails to allege facts under which the arrest would be unlawful is insufficient. ■ The present complaint did not negative all or any of the named factual situations in which plaintiff's arrest would have been lawful. It was not alleged that the arrest was made without a warrant, it was not alleged that a felony had not been committed or that a felony had been committed and that the officers did not have reasonable cause to believe that plaintiff committed it, and it was not alleged that the

arrest was not on a charge made, upon reasonable cause, of the commission of a felony by plaintiff. So far as can be determined from the complaint, the arrest was lawful even though plaintiff was innocent of the claimed burglary. Since the arrest is presumed to have been lawfully made, and no facts were alleged to countervail the presumption, the fact that it was instigated and procured by defendant would place her under no liability if her actions were upon reasonable cause and without malice. No attack is made upon the sufficiency of defendant's knowledge, information or belief as to plaintiff's guilt nor upon her motives.

The complaint did not purport to state a cause of action for malicious prosecution. It was not strengthened in any way by the allegations, "Though plaintiff established his innocence, defendant has never expressed her regret over said arrest or imprisonment. Said acts of defendant were committed with a conscious indifference on her part to consequences."

Plaintiff had an opportunity to amend, but instead of doing so took an appeal from the judgment. Defendant has been put to the expense of resisting the appeal and is entitled to an affirmance of the judgment. We cannot assume that plaintiff might be able to state a case, where he has not even attempted to allege the essential elements of a cause of action for false imprisonment.

The judgment is affirmed.

Wood, J., and Kincaid, J. pro tem., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 26, 1947.