[Civ. No. 14637. First Dist., Div. Two. Mar. 5, 1951.]

BERNICE PERRY, Appellant, v. THERESA MEIKLE et al.,
Respondents.

John P. Doran for Appellant.

Aáron Sapiro, Allan L. Sapiro, Frank J. Perry, John F. O'Sullivan and A. P. O'Neil for Respondents.

SCHOTTKY, J. pro tem.—Plaintiff commenced an action naming as defendants Theresa Meikle, Milton D. Sapiro, Twain Michelsen, Joseph E. Perry, Frank J. Perry, A. P. O'Neil and Mary K. Maloney.

The complaint first alleges that the defendants (not naming any of them except in the title) conspired, etc., and through their conspiracy, etc., together, did commit trespass against plaintiff by falsely imprisoning her and causing her to be imprisoned in the county jail of the city and county of San Francisco for a period of six hours on April 29, 1949. The complaint proceeds to allege that the common purpose of said conspirators was to humiliate, oppress and degrade plaintiff and the means used was the manipulation and abuse of the processes of the courts. The complaint then alleges that said false imprisonment consisted in and was constituted of certain facts, and we shall give the substance of such allegations. That plaintiff appeared before defendant Twain Michelsen on April 22, 1949, in compliance with an order to show cause, a copy of which is annexed to the complaint, which order to show cause was based upon the affidavit of defendant Joseph E. Perry, a copy of said affidavit being annexed to the complaint. That plaintiff appeared before defendant Twain Michelsen on April 22 in response to said order to show and an answer which she had filed on April 19th was read into the record by defendant Twain Michelsen, a copy of said answer being annexed to the complaint. That on April 25, 1949, defendant A. P. O'Neil, accompanied by defendant

Joseph E. Perry, appeared before defendant Twain Michelsen pursuant to an order theretofore issued by him and plaintiff was present. That at that time and place defendant Twain Michelsen ordered plaintiff to bring her minor child Yvonne into his courtroom on April 29, 1949. That said plaintiff appeared in said courtroom on April 29th and defendant Joseph E. Perry and his counsel, defendant A. P. O'Neil, were also present. That defendant Twain Michelsen asked plaintiff if she had complied with the court's order, and, upon being informed by her that she had not, he adjudged her in contempt of court, remanded her to the custody of the sheriff and told her she would remain in custody until she complied with the court's order. That then defendant A. P. O'Neil typed an order of commitment which was signed by the defendant Twain Michelsen, and that plaintiff was then taken in the sheriff's wagon to the county jail in the Hall of Justice and remained incarcerated there until released on a writ issued by the District Court of Appeal.

The only defendants whose names are mentioned in the body of the complaint are Twain Michelsen, Joseph E. Perry and A. P. O'Neil. There is nothing whatever in the complaint to indicate how or in what manner any of the other defendants participated in or instigated the legal proceedings referred to in the complaint. It appears from the record that there was a divorce action between Joseph E. Perry and plaintiff and that plaintiff was found to be in contempt of court for not delivering up the minor child to Joseph E. Perry as provided in the order modifying the interlocutory decree. It is not even alleged that Twain Michelsen was a judge of the superior court although this is apparent from the proceedings. ■■ It is conceded in appellant's brief, but not alleged in plaintiff's complaint, that defendants Theresa Meikle and Milton D. Sapiro were and are judges of the superior court, but even without this concession we may take judicial notice of that fact. ■■ It is also conceded in appellant's brief that defendant Mary K. Maloney is a probation officer, and the trial judge was of course entitled to take judicial notice of that fact. ■■ We are also entitled to take judicial notice of the fact that the writ of habeas corpus issued by the District Court of Appeal, upon which plaintiff was released, was later discharged, the court stating: "It appearing to the court that the trial court had jurisdiction of the person and the subject matter, and that a valid commitment had been issued, it is the order of the court that the writ of habeas

corpus be discharged and the prisoner is remanded to custody.'' (*In re Perry*, 91 Cal.App.2d 677 [206 P.2d 652].)

Five demurrers to the complaint were filed: 1. A general demurrer by defendant Michelsen; 2. A general demurrer by defendants Meikle, Sapiro and Maloney; 3. A general and special demurrer by defendant Joseph E. Perry; 4. A general demurrer by defendant A. P. O'Neil; 5. A general and special demurrer by defendant Frank J. Perry. The court sustained the first three demurrers without leave to amend and sustained the last two with leave to amend, the plaintiff declining to amend. From the judgments entered in favor of defendants after the sustaining of said demurrers, the plaintiff has appealed.

██ Notwithstanding the apparent effort of plaintiff to keep from alleging that defendant Twain Michelsen was a judge of the superior court and was acting as such in the proceeding complained of, it is clear from the complaint and the exhibits that Judge Michelsen was acting as superior judge in a matter over which he had jurisdiction, that the proceeding was regular in all respects, and that there would be no basis for any action against him, even if he were not entitled to immunity from civil liability under the well-established and sound rule of public policy so well expressed by Justice Brewer of the U. S. Supreme Court, sitting as a circuit justice, in *Cooke* v. *Bangs*, 31 F. 640, 642, as follows: ''With respect to all judicial officers, — justices of the peace, as well as judges of the higher courts, — the settled law of the supreme court of the United States, and I think the plain intimation of the supreme court of this state, is that, where they act within their jurisdiction, they are not amenable to any civil action for damages. No matter what their motives may be, they cannot be inquired into.''

And in *Turpen* v. *Booth*, 56 Cal. 65, 69 [38 Am.Rep. 48], our Supreme Court quoted with approval the following language of Justice Field in *Bradley* v. *Fisher*, 13 Wall. (U.S.) 335 [20 L.Ed. 646]: '' [J]udges of courts of record of superior or general jurisdiction are not liable to civil actions for their judicial acts, *even when such acts are in excess of their jurisdiction,* and are alleged to have been done maliciously and corruptly. . . .''

In *Platz* v. *Marion*, 35 Cal.App. 241, the court said at page 248 [169 P. 697]: ''The doctrine that an action will not lie against a judge for wrongful commitment, or for an er-

roneous judgment, or for any other act, made or done by him in his judicial capacity, is as thoroughly established as are any other of the primary maxims of the law. Such an exemption is absolutely essential to the very existence, in any valuable form, of the judicial office itself, for a judge could not be either respected or independent if his motives for his official actions or his conclusions, no matter how erroneous, could be put in question at the instance of every malignant or disappointed suitor. Hence we find this judicial immunity has been conferred by the laws of every civilized people." See, also, *Prentice* v. *Bertken,* 50 Cal.App.2d 344 [123 P.2d 96]; *Malone* v. *Carey,* 17 Cal.App.2d 505 [62 P.2d 166]; *Baer* v. *Smith,* 68 Cal.App.2d 716, 721 [157 P.2d 646].

We are convinced that in view of the above stated doctrine of judicial immunity and the facts as shown by the complaint and exhibits thereto, no cause of action was stated or could be stated against defendant Twain Michelsen and that his demurrer to the complaint was properly sustained without leave to amend.

The complaint is entitled "Conspiracy—False Imprisonment" and plaintiff in her complaint charged all of the defendants with conspiracy falsely to imprison her and that they did cause her to be imprisoned. We have hereinbefore summarized the allegations of the complaint and have shown the nature of the proceedings before Judge Michelsen. It is clear from the record that in the divorce action there had been a modification of the interlocutory decree which gave the custody of the minor child, Yvonne, to her father, defendant Joseph E. Perry, and that he and his attorney, defendant A. P. O'Neil, had sought and had issued an order to show cause requiring plaintiff to deliver up said minor child to him; that Judge Michelsen had ordered plaintiff to produce the child in court, that she had failed to do so, and he had thereupon adjudged her in contempt of court and signed a commitment for her confinement in jail until she had complied with the order of the court. It is clear also that Judge Michelsen acted within his jurisdiction and that the commitment was valid. Consequently there could be no sound basis for an action for false imprisonment.

A conspiracy is not actionable unless the alleged combination results in the perpetration of an unlawful act or some injurious act by unlawful means. Nowhere in the complaint or the exhibits attached thereto is there any allegation of either an unlawful act or an injurious act by unlawful means,

committed by any of the defendants. A conspiracy cannot be made the subject of a civil action unless something is done which without the conspiracy would give rise to a right of action.

As was said in *Wallace* v. *Kerr*, 42 Cal.App.2d 182 at pages 184-185 [108 P.2d 754] : ''It is well settled that a conspiracy cannot be made the subject of a civil action unless something is done which without the conspiracy would give a right of action. The damage is the gist of the action, not the conspiracy. (*Bowman* v. *Wohlke*, 166 Cal. 121 [135 P. 37, Ann. Cas. 1915B 1011] ; *More* v. *Finger*, 128 Cal. 313 [60 P. 933]. It is the wrong done and the damage suffered pursuant to the conspiracy which is the cause of action, rather than the conspiracy itself.'' (See, also, *Richmond Terminal Corp.* v. *Parr Terminal Corp.*, 116 Cal.App. 368 [2 P.2d 579] ; *Bentley* v. *Mountain*, 51 Cal.App.2d 95 [124 P.2d 91].)

 Here the only action purporting to constitute a tort, as alleged in the complaint, is based upon the action and order of a judge acting within the scope of his judicial function, a lawful act. And it is clear that the action of Judge Michelsen adjudging plaintiff guilty of contempt and committing her to jail was one that was entirely within his jurisdiction, and there is nothing in the complaint or in the exhibits thereto that would indicate that his action was not a proper exercise of his judicial function. Indeed it is difficult to understand how any of the defendants could be subject to liability for bringing a matter before a court, whether by conspiracy or otherwise, when, as in the instant case, the proceedings were regular, and the court had jurisdiction to proceed, and when the injury complained of is the result of an order which the court not only had a right to make but which appears to be a proper order in every respect.

The demurrers of defendants Theresa Meikle, Milton D. Sapiro, and Mary K. Maloney and the demurrer of defendant Joseph E. Perry were sustained without leave to amend. The demurrers of defendants A. P. O'Neil and Frank J. Perry were sustained with leave to amend but plaintiff declined to amend. We believe that in view of the foregoing, the complaint does not state, nor could it by amendment be made to state, a cause against any of defendants, and that therefore all of the demurrers were properly sustained.

The judgments are affirmed.

Goodell, Acting P. J., and Dooling, J., concurred.