[Civ. No. 8203.   Third Dist.   Aug. 10, 1953.]

ELMER LEE STALLINGS, Respondent, v. DOLAN V.
FOSTER et al., Appellants.

Frank G. Finnegan for Appellants.

Albert L. Johnson for Respondent.

SCHOTTKY, J.—Plaintiff filed an action for damages against defendants. The amended complaint was in two causes of action.

The first cause of action alleged, in substance, that defendant Cardinal Grocery Stores, a corporation, operated a grocery store in Nevada City and that defendant Foster was the manager and defendant Aaron was the assistant manager of the store; that on January 7, 1950, defendant Aaron, at the behest of defendant Foster, swore to criminal complaint charging the plaintiff with the crime of petty theft in that he had unlawfully taken a bottle of whisky from said store; that plaintiff was arrested and taken into custody upon said charge and held in jail overnight for about 20 hours until released on bail; that plaintiff was brought to trial upon said charge but was acquitted because he proved he bought the liquor elsewhere; that plaintiff's health and reputation were damaged and that he was compelled to expend $200 to defend himself against said charge; that defendants acted maliciously.

The second cause of action alleged, in substance, that while plaintiff was walking along the street on January 7, 1950, defendants seized him, accused him of theft, called an officer, causing his arrest; that plaintiff was forcibly taken by the

officer against his will and charged by defendants with larceny, whereupon he was imprisoned and detained in jail for more than 20 hours until released on bail; that the charge of larceny was false and that plaintiff did not commit any crime against the property of defendants and was innocent of any charge made against him which made him subject to arrest or imprisonment; that in the making of said charge and causing said imprisonment, defendants acted with deliberate and premeditated malice; that plaintiff has been damaged in the sum of $10,200 actual damages, and is also entitled to punitive or exemplary damages.

Defendants filed an answer denying the material allegations of the amended complaint and set up a separate defense in which they alleged that defendant Foster saw plaintiff pilfer a bottle of Old Stagg whisky from the open counter in said store on which it was displayed and put the said bottle in his shirt; that the said defendant Dolan V. Foster informed defendant Harold W. Aaron that he had seen plaintiff pilfer said whisky, and said Harold W. Aaron intercepted said plaintiff after he had proceeded about 25 or 30 feet on the sidewalk after he had left said store with said bottle of whisky; that plaintiff made no objection to accompanying defendant Harold W. Aaron back to said store; that at said time and place plaintiff said: "I don't know why I did it; this is the first time I ever did anything like this," and offered some money to pay for the said whisky to said Harold W. Aaron and also offered the money to Dolan V. Foster and other persons standing near. That thereupon plaintiff was turned over to a police officer who had been summoned in the meantime; that until plaintiff was turned over to the police officer as aforesaid, no other force than herein set out was used.

The action was tried by the judge sitting without a jury, and sharply conflicting testimony was given by numerous witnesses. The plaintiff and two witnesses testified that plaintiff had purchased the questioned bottle of Old Stagg in a liquor store near the defendant store. Also, that plaintiff received a sales slip therefor (which is in evidence), and that the bottle was not wrapped, rather that plaintiff had placed it inside his jacket. Then plaintiff, by his testimony, proceeded from the liquor store across the street to the defendant store, where he purchased some groceries, but no liquor, he all this time carrying the unwrapped bottle inside his jacket, which bottle slipped from it from time to time; that after making

the grocery purchases plaintiff left the store, only to be stopped by defendant Aaron and taken by him back to the store where plaintiff was relieved of his bottle and an officer summoned.

Mrs. Underwood, a witness for defendants, testified that she saw plaintiff standing in front of the Old Stagg liquor display in defendant store, staggering and weaving around, and that she also saw a bottle of Old Stagg in his hand, which he placed inside his jacket or shirt; that she related this to defendant Aaron, then assistant manager of defendant store.

Defendant Foster, manager of defendant store, testified that he was in a little cubbyhole in the store watching plaintiff through a one-way mirror, and that he saw plaintiff take a bottle of Old Stagg from the display shelf and put it under his coat. Defendant Foster also testified that no bottles had been sold from the display, and that one was missing after plaintiff left the store. After talking with defendant Aaron about what he saw, and Aaron telling him what Mrs. Underwood had related, defendant Foster summoned an officer, while defendant Aaron apprehended plaintiff and returned him to the store. Defendant Aaron and witness Hilpert testified that upon returning the plaintiff to the store, the bottle was taken from inside plaintiff's coat, and that plaintiff offered to pay for it then, stating something to the effect that "that was the first time he had ever done anything like that." Plaintiff denied making such a statement.

According to the testimony of defendant Foster the police officer asked him what he was going to do and Foster replied that he was going to have plaintiff arrested, and turned him over to the police officer who took plaintiff to the police station. Plaintiff was locked up and remained in jail until 11 o'clock the next morning at which time defendant Aaron swore to a complaint charging plaintiff with petty theft, and plaintiff, who was already in custody, was then released on $50 bail. Two jury trials were had on the charge of petty theft, the first resulting in a disagreement and the second in an acquittal.

The court found that all of the allegations of the first cause of action except paragraph VI, which alleged that defendants acted maliciously, were true and that all of the allegations of the second cause of action were untrue. The court found further that "the arrest, imprisonment and prosecution of plaintiff as alleged in the complaint on file herein has caused plaintiff great physical inconvenience and discomfort, loss of time, mental suffering, humiliation of mind, shame, public

ridicule, invidious publicity, and public disgrace to his loss and damage in the sum of Five Hundred ($500.00) Dollars.'' The court also found ''that all of the allegations of defendants' answer that are inconsistent with these findings are untrue.''

Judgment was entered awarding plaintiff damages in the sum of $500, and that ''the plaintiff be denied any exemplary or punitive damages from the defendants in this action, or any damages for malicious prosecution, alleged in his second cause of action.'' Defendants have appealed from said judgment.

For reversal of the judgment appellants make the following contentions: 1. It was error to give judgment for malicious prosecution without finding lack of probable cause; 2. A judgment for malicious prosecution cannot stand unless malice is alleged and proved; 3. The first cause of action was one for malicious prosecution, and the second cause of action one for false arrest, and that the findings were against the second cause of action.

Respondent in reply contends that: 1. The judgment was based upon the first cause of action which was for false arrest, and against the second cause of action which was for malicious prosecution; 2. Therefore, appellants' first two contentions have no application; 3. The judgment and findings must be affirmed since there is substantial evidence to support them.

It is at once apparent that the parties are not in agreement either as to the effect of the allegations of the complaint or as to the nature of the judgment, because appellants insist that the judgment was for malicious prosecution and respondent asserts that it was for false arrest. It is therefore necessary to analyze the allegations of the amended complaint, because if the first cause of action was one for false arrest, as contended by respondent, appellants' contentions would have no application, the elements of malice and lack of probable cause not being necessary to a proper cause of action for false arrest. On the other hand, if the first cause of action is one for malicious prosecution, then there would be merit in appellant's contentions because the elements of malice and lack of probable cause must be alleged and proved in an action for malicious prosecution. ■ The elements of a cause of action for malicious prosecution are set forth in 16 California Jurisprudence, Malicious Prosecution, section 2:

''The rule is general that when one maliciously, and without reasonable or probable cause, institutes or prosecutes, in

a court having jurisdiction of the matter, a judicial proceeding against another, the proceeding, when terminated in favor of the defendant, furnishes the basis for an action for malicious prosecution.''

It being clear that respondent in his first cause of action did not allege a good cause of action for malicious prosecution, we shall next consider whether he pleaded and proved a cause of action for false arrest in the first cause of action. ■ False imprisonment is defined by the Penal Code, section 236, as ''the unlawful violation of the personal liberty of another.'' The definition is the same in both criminal and civil cases. *Dillon* v. *Haskell,* 78 Cal.App.2d 814 [178 P.2d 462]. See, also, 12 California Jurisprudence, False Imprisonment, section 2. Prosser, section 12, defines false imprisonment as ''the confinement of the plaintiff within boundaries fixed by the defendant, without legal justification, by an act or the breach of a duty intended to result in such confinement.''

■ The distinction between malicious prosecution and false imprisonment is an important one, and is stated to be that ''in malicious prosecution the detention is malicious but under due forms of law, whereas in false imprisonment the detention is without color of legal authority.'' (35 C.J.S., False Imprisonment, § 4.)

■ The first cause of action alleged that defendant Aaron at the order of his superior, defendant Foster, swore to a criminal complaint charging plaintiff with petty theft of a bottle of liquor from defendant store, and that plaintiff was arrested and taken into custody upon said charge and held in jail overnight for a period of approximately 24 hours, until released on bail, and that plaintiff at the trial upon said charge was acquitted, he having proved that he purchased the liquor in another store, and then finally alleged damages.

We conclude that the first cause of action did not state facts constituting a cause of action for false arrest, for while the swearing out of the complaint, the arrest and detention and the damages flowing therefrom are set out, it is not alleged that the arrest or detention was unlawful, nor is it alleged that the arrest was made without valid warrant or legal process, and as stated in *Dillon* v. *Haskell, supra,* at page 816: ''A complaint for unlawful imprisonment which fails to allege facts under which the arrest would be unlawful is insufficient.''

■ The second cause of action, hereinbefore summarized, does allege facts sufficient to constitute a cause of action for false arrest, or false imprisonment, and the record would sup-

port findings in accordance with the allegations of the second cause of action. But the court specifically found that the allegations of the second cause of action were untrue and also found that the allegations of the first cause of action were true except as to the allegation as to malice which was found to be untrue. There are, therefore, no findings to justify a judgment either for false arrest or malicious prosecution, and it is stated in the judgment itself that plaintiff should be denied any damages for malicious prosecution (which the judgment erroneously states to have been alleged in the second cause of action).

It is evident that in the preparation of findings and judgment the pleadings were not carefully analyzed and the two alleged causes of action were confused. It may well be that the court intended to award respondent a judgment of $500 for false arrest, but the findings as signed and filed will not support such judgment. Under such circumstances we must reverse the judgment, but feel that we should remand the cause with directions to the trial court to harmonize the findings and enter a new judgment in accordance therewith.

█ As stated in 4 California Jurisprudence 2d, Appeal and Error, section 670:

"Likewise, it is appropriate to reverse and remand a judgment based on inconsistent findings, with directions to harmonize the findings and enter a new judgment in accordance therewith."

The case was thoroughly tried and it is unnecessary to take further evidence.

The judgment is reversed with directions to the trial court to harmonize the findings and to enter judgment in accordance therewith. Each party to bear his own costs on appeal.

Van Dyke, P. J., and Peek, J., concurred.

A petition for a rehearing was denied September 4, 1953.