[Civ. No. 19667.   First Dist., Div. One.   Apr. 25, 1961.]

WILLIAM MULLER, Appellant, v. COASTSIDE COUNTY
WATER DISTRICT et al., Respondents.

William Muller, in pro. per., for Appellant.

Roy W. Seagraves for Respondents.

DUNIWAY, J.—Muller appeals in propria persona from
a judgment of dismissal entered following the sustaining of

a demurrer without leave to amend. The complaint was filed January 20, 1959, and the demurrer on January 23. Thereafter, on January 27, Muller filed "amendments to complaint as of course." Muller asserts in his brief that, when the demurrer was heard, the court "considered the complaint and its amendments in totality," and "respondents' demurrer applied to the complaint and its amendments by understanding in open court." We consider them in the same way.

The complaint, including the amendments, occupies 42 pages of the clerk's transcript. It is anything but "A statement of the facts constituting the cause of action, in ordinary and concise language." (Code Civ. Proc., § 426, subd. 2.) Rather, it is a disquisition, apparently written with the aid of a dictionary of synonyms or a thesaurus, upon appellant's grievances, going back to April 27, 1952, when, as he asserts, he was maliciously prosecuted and falsely arrested and imprisoned on a charge that he had violated Penal Code, section 499, by stealing water from the respondent water district through the means of bypassing its meter with a pipe installed by him. The defendants are the district, its directors and employees, a justice of the peace, the sheriff, his deputies, jailer and surety, the district attorney and his deputies and surety. A general conspiracy to bring about the prosecution and arrest of Muller is charged against all defendants. The warrant was issued on April 24, 1952, and appellant was arrested and jailed for 15 hours on April 27 and 28, 1952. It is alleged that he was detained "in a vile and loathesome tank with some 10 other drunken, unclean and criminal characters," that the tank "was not fit for a dog suffice a human being; plaintiff is informed and believes and upon such information and belief alleges that plaintiff is a human being."

The complaint then recites a long list of civil and criminal proceedings in the justice court, in the superior court, in this court, and in the Supreme Court. It states that the charge upon which appellant was arrested was dismissed on March 2, 1955, and "since said time . . . the said defendants have not further prosecuted said complaint against this plaintiff." It is further alleged that the district's purpose was to compel the dismissal of a prior civil action brought against it by appellant.

The amendments allege that the conspiracy "was and still is a continuing conspiracy," which deprives plaintiff of a water supply and caused him to lose his home. It is also

charged that a prior action, stating substantially the same facts, was dismissed for want of prosecution, under Code of Civil Procedure, section 581a, as a result of the conspiracy. It is claimed that the act of defendants' attorney in that case, in moving to dismiss, is the last overt act, so that the statute of limitations did not commence to run until the dismissal, on January 12, 1959. It is also claimed that the defense of the present action is a part of the conspiracy. This is indeed novel legal doctrine, for which no authority is or can be cited. It is so clearly erroneous as to merit no further attention.

The ground of demurrer was the statute of limitations, and the decision was correct. Nothing in the complaint or the amendment shows that any of the defendants did anything to appellant after March 2, 1955, except (a) to defend lawsuits, which they had a right to do, and (b) to refuse water service to plaintiff. For aught that appears in the complaint, they also had a right to do that. (*Cf.* Wat. Code, §§ 31023, 31024, 31025, 31026, 31027.) Moreover, the complaint pleads that there is another action pending in the superior court against the district, based upon its depriving appellant of water, and the claim filed with the district, which is attached to the complaint as an exhibit, states that water was shut off on February 26, 1952.

The malicious prosecution and false arrest and imprisonment charges are barred by Code of Civil Procedure, section 340, subdivision 3 (*Oppenheimer* v. *Tamblyn,* 162 Cal.App.2d 293, 297 [327 P.2d 574]; *Simons* v. *Edouarde,* 98 Cal.App.2d 826, 829 [221 P.2d 203]), or by Code of Civil Procedure, section 339, subdivision 1 (*cf. Berson* v. *Ewing,* 84 Cal. 89 [23 P. 1112]; *Bowman* v. *Wohlke,* 166 Cal. 121 [135 P. 37, Ann.Cas. 1915B 1011]; *Merron* v. *Title Guarantee & Trust Co.,* 27 Cal.App.2d 119 [80 P.2d 740]; *McCusker* v. *Walker,* 77 Cal. 208 [19 P. 382]). We need not decide which, because either period, one year under section 340, or two years under section 339, began to run on March 2, 1955, and has long since expired. There is no other cause of action stated.

Affirmed.

Tobriner, Acting P. J., and Wood (Fred B.), J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.