[Civ. No. 20902. First Dist., Div. One. May 8, 1963.]

WILLIAM MULLER, Plaintiff and Appellant, v. CHARLES REAGH, Defendant and Respondent.

William Muller, in pro. per., for Plaintiff and Appellant.

Joseph L. Bortin for Defendant and Respondent.

SULLIVAN, J.—Plaintiff appeals from a judgment of dismissal entered after the sustaining without leave to amend of the demurrer of the defendant Charles Reagh to plaintiff's complaint and amendments thereto. Plaintiff appears here, as he did below, in propria persona.

The original complaint filed October 24, 1961, entitled "Complaint For False and Malicious Imprisonment; Claim and Delivery; and Damages" is in two counts, the first seeking damages for false imprisonment and the second seeking the recovery of personal property or, in the alternative, the value thereof, together with damages. It names 63 defendants, most of whom are sued by fictitious names.[1] The second count does not attempt to set forth a cause of action against the defendant Reagh and no further reference to it will be made herein.[2] Defendant's demurrer to this complaint was sustained with leave to amend.

On January 10, 1962, plaintiff filed an amended pleading entitled "Amendments To The Complaint As Against The Defendant Charles Reagh." Said pleading "incorporates herein all of the allegations contained in all of the paragraphs contained in the First Cause of Action contained in the complaint

[1] Among the defendants are: City and County of San Francisco; the office of the sheriff and the office of the county clerk of said city; the sheriff and county clerk; the bonding companies executing their bonds; two superintendents of the county jail; 26 deputy sheriffs and 20 jailers sued by fictitious names; F. G. Thomas, individually and as deputy county clerk; the plaintiff's former wife.

[2] The second count alleges that, while plaintiff was incarcerated in the San Francisco County Jail, certain sheriffs and jailers "while stripping, denuding and searching plaintiff" took from him a philosophical writing exploring "The Nothingness of Now."

on file herein'' except a specified allegation ''that plaintiff hereby omits and withdraws.'' We are therefore called upon to review an amended pleading consisting of most of the complaint and all of the amendments. The first cause of action of the complaint together with pertinent exhibits covers 72 pages in the clerk's transcript. The amendments cover an additional 98 pages, making a total of 170 pages.

The resultant pleading is a verbose conglomerate of facts and conclusions, epithets and arguments, legal citations and sheer rant. The amendments to the complaint appear to be largely a memorandum of points and authorities in opposition to the memorandum which the defendant had filed in support of his demurrer to the complaint. Unfortunately, neither cited nor observed is the cardinal principle that the ''complaint must contain: . . . [a] statement of the *facts* constituting the cause of action, in *ordinary* and *concise* language.'' (Code Civ. Proc., § 426; italics added.) We deem it unnecessary to distill this diffuse mass.

We think that the gist of the pleading may be stated as follows: that on September 21, 1961, the plaintiff was arrested by the Sheriff of the City and County of San Francisco upon a warrant of attachment under sections 1209-1215 of the Code of Civil Procedure;[3] that the warrant was issued in connection with a divorce action brought by plaintiff's former wife[4] and a ''default judgment of final divorce'' entered therein on December 7, 1954; that in said judgment the defendant Reagh was awarded $500 counsel fees as attorney for Mrs. Muller; that Mr. Reagh on May 5, 1961, secured an order for the examination of plaintiff; that upon this plaintiff's failure to appear in response to said order,[5] the court issued an order to show cause why plaintiff herein should not be adjudged in contempt, said order being made returnable on July 27, 1961; that plaintiff herein did not appear on said date, whereupon the court ordered a bench warrant

[3]The pertinent allegations are: that the sheriff ''did maliciously, unlawfully, wrongfully, forcibly and against the will of plaintiff and *without any valid* process or commitment or *valid* legal authority of any kind, arrest and imprison plaintiff''; that the foregoing was done by a ''pretended and erroneous, fraudulently procured, illegal, void and unconstitutional warrant of attachment. . . .''

[4]Alleged as a ''purported action for divorce . . . entitled: 'Lelah Muller, Plaintiff v. William Muller, Defendant,' bearing #417,895 on the records of this court'' on which ''[n]o summons and complaint was ever personally served upon the hypthetical [*sic*] defendant William Muller. . . .''

[5]Plaintiff alleges that he ''ignored the said examination proceedings.''

to issue "which is now the subject of a false and malicious imprisonment suit, to wit, this action"; that at said time a minute order was made in said divorce action as follows: "On order to show cause—No appearance by Defendant. Ordered Bench Warrant to issue. Bail fixed in the sum of $500 cash or surety bonds, $1,000 personal bonds"; that pursuant to said minute order, the defendant Reagh prepared and presented to a deputy county clerk (defendant F. G. Thomas herein) a mimeographed form of warrant of attachment which was signed by the said deputy county clerk and presented to the judge for the latter's order admitting plaintiff to bail, a copy of said warrant of attachment being appended to the complaint and incorporated therein by reference; that the said endorsement fixing bail[6] reads as follows: "The said William Muller shall be admitted to bail in the amount of Five Hundred dollars cash or undertaking in the amount of One Thousand dollars in accordance with section 1215 C.C.P."; that the order endorsed on the warrant omitted the words "or surety bonds" contained in the minute order; that because of this omission which was "erroneously, deliberately, maliciously, tortiously, malignantly, wrongfully, unlawfully, illegally, unconstitutionally, designedly and fraudulently omitted from said endorsement by the said defendant Charles Reagh," plaintiff was not bailable on surety bonds, and the various codefendants — sheriff, deputy sheriffs, and jailers—refused to accept surety bonds or any bail other than cash bail; that as a result "[f]or 13 days and 7 hours, all human splendor of the dignity of man entered into the abyss of unfathomable darkness suffering a matchless humiliation" by reason of which "plaintiff has been damaged in the sum of $100,000.00 and asks for an additional sum of $100,000.00 as punitive damages, . . ."

Defendant's demurrer "to the complaint and amendments thereto" asserts that "[s]aid complaint and so-called amendments" fail to state facts sufficient to constitute a cause of action against him, that they are uncertain, ambiguous and unintelligible in various particulars, that several causes of action are attempted to be set forth in the complaint without being separately stated and that there is a misjoinder of

---

[6]The warrant is in the usual form available at the county clerk's office. It is entitled "Warrant of Attachment Under section 1209 et seq., C.C.P.," is issued by the county clerk "by order of the court" and contains at the bottom thereof the order for admission to bail quoted above.

parties defendant. The court sustained the demurrer without leave to amend.

Plaintiff makes the bald claim that his pleading is sufficient. In view of its prolixity, it is not surprising that he offers no analysis of its allegations.[7] It seems to be plaintiff's position that the essentials of a cause of action are present because: (a) he was entitled as a matter of right to be admitted to bail on a surety bond; (b) the defendant caused an illegal warrant to be issued which omitted such provision; and (c) said defendant and other defendants "particularly the Sheriffs' defendants and jailers" conspired to limit his bail to cash bail.

As defined by section 236 of the Penal Code "[f]alse imprisonment is the unlawful violation of the personal liberty of another." Such unlawful interference with the personal liberty of another affords a basis for a civil action for damages. (*Gogue* v. *MacDonald* (1950) 35 Cal.2d 482, 484 [218 P.2d 542, 21 A.L.R.2d 639].) However, the definition is the same whether the offense is treated as a tort or a crime. (*Dillon* v. *Haskell* (1947) 78 Cal.App.2d 814, 816 [178 P.2d 462]; *Stallings* v. *Foster* (1953) 119 Cal.App.2d 614, 619 [259 P.2d 1006].) False imprisonment means unlawful imprisonment. (See *Stallings* v. *Foster, supra*; *Ware* v. *Dunn* (1947) 80 Cal.App.2d 936, 943 [183 P.2d 128].) "Imprisonment consisting merely of a lawful arrest is not false imprisonment. . . . A complaint for unlawful imprisonment which fails to allege facts under which the arrest would be unlawful is insufficient." (*Dillon* v. *Haskell, supra*.)

Accordingly, where an action for false imprisonment is based upon an arrest *without* a warrant, all that need be alleged is the arrest without process, the imprisonment and the damage (*Ah Fong* v. *Sternes* (1889) 79 Cal. 30, 32 [21 P. 381]; *Collins* v. *Owens* (1947) 77 Cal.App.2d 713, 715 [176 P.2d 372]; *Kaufman* v. *Brown* (1949) 93 Cal.App.2d 508, 511-512 [209 P.2d 156]) and it is not necessary to allege that the arrest was unlawful (*Peters* v. *Bigelow* (1934) 137 Cal.App. 135, 137-138 [30 P.2d 450]; *Kaufman* v. *Brown, supra*). Where however the arrest is made *with a warrant* it is necessary to allege its unlawfulness by pleading the facts constituting the invalidity of the legal process. (*Peters*

---

[7]Plaintiff urges that to satisfy ourselves as to its sufficiency we have only to look at the form books and the cases listed in the digest on the subject of false imprisonment.

v. *Bigelow, supra*; *Foerst* v. *Hobro* (1932) 125 Cal.App. 476, 479 [13 P.2d 1055]; *Burlingame* v. *Traeger* (1929) 101 Cal.App. 365, 368-369 [281 P. 1051]; in accord: *Collins* v. *Owens, supra*, 77 Cal.App.2d 713, 718.) ▮▮▮ Allegations that the warrant or judicial process was "void," "illegal," "unauthorized" (*Burlingame* v. *Traeger, supra*; *Foerst* v. *Hobro, supra*) or "void upon its face" or that the sheriff "did unlawfully imprison plaintiff" (*Vallindras* v. *Massachusetts etc. Ins. Co.* (1954) 42 Cal.2d 149, 151 [265 P.2d 907]) or that the imprisonment was "unlawful and void" (*Barrier* v. *Alexander* (1950) 100 Cal.App.2d 497, 500 [224 P.2d 436]) are conclusions of law and add nothing to the substantive averments of the complaint.

▮▮▮ As Witkin puts it: "The pleading in an action following an arrest with a warrant is necessarily different from that in an ordinary action . . . for a truthful statement of the facts will disclose that the arresting officer had a warrant. In order to establish the wrongful nature of the confinement, therefore, the pleader must show that the arrest was unlawful (not privileged), e.g., that the warrant was invalid on its face. This calls for a pleading of facts; general allegations to the effect that the warrant, or the affidavit for its issuance, was 'unlawful,' or 'unauthorized,' or that the imprisonment was unlawful or void, wholly insufficient." (2 Witkin, Cal. Procedure, Pleading, § 383, pp. 1360-1361.)[8]

▮▮▮ Stripped of its conclusions of law and other conclusionary and epithetical averments, the pleading before us fails to allege any *facts* setting forth the invalidity of the warrant of attachment upon which plaintiff founds this action. The warrant of attachment is regular on its face.[9] ▮▮▮ As stated in *Pankewicz* v. *Jess* (1915) 27 Cal.App. 340, 342 [149 P. 997] "[p]rocess is said to be regular on its face when it proceeds from a court, officer, or body having authority of law to issue process of that nature, and which is legal in form, and contains nothing to notify or fairly apprise any one that

---

[8]It appears that plaintiff, at the time he filed his complaint herein, had some previous experience with the law of false imprisonment: see *Muller* v. *Coastside County Water District* (1961) 191 Cal.App.2d 511 [12 Cal. Rptr. 712].

[9]Directed to the sheriff, it recites in part that "The above named William Muller having been served with an Order to Show Cause regularly issued by this Court and he having disobeyed the Order of said Court, you are hereby commanded forthwith to attach the body of said William Muller a defaulting defendant and have him before the Honorable Joseph Karesh Judge of the Superior Court. . . ."

it is issued without authority.'' ■ The warrant in the instant case directed the sheriff ''to attach the body'' of the plaintiff, was issued by a court of competent jurisdiction having authority to issue such process, and was based on the action and order of a judge acting within the scope of his judicial function. (See *Vallindras* v. *Massachusetts etc. Ins. Co., supra,* 42 Cal.2d 149, 152; *Perry* v. *Meikle* (1951) 102 Cal.App.2d 602, 607 [228 P.2d 17] ; Code Civ. Proc., §§ 1209-1222.) Plaintiff admits in his complaint that he made no appearance in response to the order to show cause, the disobedience of which was, and is recited in the warrant to be, the reason for the issuance of the body attachment. Indeed plaintiff does not challenge the authority of the judge to direct the issuance of the warrant.

As we have pointed out, plaintiff's main argument is that the endorsement on the warrant fixing bail did not provide for admission to bail on surety bonds and that the words ''or surety bonds'' had been deliberately omitted from the endorsement by the defendant Reagh. The argument has no merit.

Section 1213 of the Code of Civil Procedure provides: ''Whenever a warrant of attachment is issued, pursuant to this title, the court or judge must direct, by an endorsement on such warrant, that the person charged may be let to bail for his appearance, in an amount to be specified in such endorsement.''

Section 1215 of the Code of Civil Procedure provides: ''When a direction to let the person arrested to bail is contained in the warrant of attachment, or endorsed thereon, he must be discharged from the arrest, upon executing and delivering to the officer, at any time before the return-day of the warrant, a written undertaking, with two sufficient sureties, to the effect that the person arrested will appear on the return of the warrant and abide the order of the court or judge thereupon; or they will pay as may be directed, the sum specified in the warrant.''

Plaintiff ignores the fact that the statutory duty under section 1213 to make provision for admission to bail was imposed on the judge directing the issuance of the warrant, not on this defendant. The endorsement and order to that effect, which we have set forth earlier, was the order of the judge. ■ The fact that the mimeographed form of the warrant and the endorsement thereon was filled in by the defendant, as plaintiff here alleges, does not make the en-

dorsement any the less the court's order. This is "in accord with the common and immemorial practice of courts in respect to the preparation of important orders and decrees which courts have directed to be made. The order when so prepared and signed is as much the order of the court as though the judge of the court had himself written it in its final form." (*Estate of Randall* (1922) 188 Cal. 329, 332 [205 P. 118].) The endorsement provided for bail "in accordance with section 1215 C.C.P." and therefore in accordance with the governing statute. This section makes no mention of "surety bonds." Provision for surety bonds in the minute order was not in accord with section 1215. It is immaterial that such provision did not appear in the endorsement. The judge's order endorsed on the warrant controlled. We doubt whether the minute order was necessary but, if it was, it was superseded.

In view of the foregoing, we see no reasonable possibility that the pleading can be amended to state a cause of action. (See *Lemoge Electric* v. *County of San Mateo* (1956) 46 Cal. 2d 659, 662, 664 [297 P.2d 638].) Nor has plaintiff shown any such possibility.

The judgment is affirmed.

Bray, P. J., and Agee, J.,* concurred.

*Assigned by Chairman of Judicial Council.