Filed 1/14/22

**CERTIFIED FOR PUBLICATION**

APPELLATE DIVISION OF THE SUPERIOR COURT

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| CRESCENT CAPITAL HOLDINGS, LLC, | ) ) | No. BV 033446 |
| Plaintiff and Respondent, | ) ) | Pasadena Trial Court |
| v. | ) ) | No. 20PDUD00670 |
| MOTIV8 INVESTMENTS, LLC, | ) ) | |
| Defendant; | ) ) | |
| KARLA SOTO, | ) ) | |
| Claimant and Appellant. | ) ) | **OPINION** |
| | ) ) | |

APPEAL from an order of the Superior Court of Los Angeles County, Margaret L. Oldendorf, Judge.  Reversed.

Law Office of Bryan Castorina and Bryan Castorina, for Claimant and Appellant Karla Soto.

Felman, Daggenhurst, El Dabe, Toporoff, & Spinrad and Richard Daggenhurst, for Plaintiff and Respondent, Crescent Capital Holdings, LLC.

\*          \*          \*

1

In this unlawful detainer case following a foreclosure, claimant and appellant Karla Soto filed a postjudgment claim of right to possess the subject property. The filing is a mechanism for an occupant of the property who is not identified in a judgment favoring the landlord to be inserted into the lawsuit as a party defendant. The trial court determined there was no "valid claim of right to possession by a tenant postjudgment" and denied the claim. Appellant challenges that order.

We hold a postjudgment claimant is entitled to be inserted into the lawsuit if the claimant proves, by a preponderance of evidence, that the claimant: (1) was an occupant of the premises on the date the unlawful detainer was filed; and (2) had a colorable right to possession in that the occupancy was not as an invitee, licensee, guest, or trespasser. Because appellant met that burden by, among other things, producing a lease agreement with the foreclosed owner that was in effect at the time the unlawful detainer was filed and a driver's license showing the address of the property as her residence address, the order denying her claim is reversed.

## BACKGROUND

### *Facts and Procedure*

On February 27, 2020,[1] plaintiff and respondent Crescent Capital Holdings LLC filed an action for unlawful detainer following foreclosure against defendant Motiv 8 Investments LLC (Motiv 8). The property plaintiff sought to possess was located on Las Flores Drive in Altadena. The complaint was premised on plaintiff's purchase of the property at a nonjudicial foreclosure sale conducted on September 11, 2019, followed by service of a notice to quit dated February 11. The notice was addressed to Motiv 8 and "all occupants residing at" the property. A cover sheet to the notice advised renters as follows: The property "was recently sold at foreclosure and the new owner plans to evict you. You should talk to a lawyer to see what your rights are." (Some capitalization omitted.) An addendum to the notice requested any "tenant of

---

[1]All unspecified dates are to the year 2020.

the prior owner" provide a copy of the lease, return phone number and "receipts for the last four (4) payments made to the landlord of the property." Per the attached declaration of service, the notice was served by posting and mailing on February 11. Motiv 8 did not respond to the complaint, and default/default judgment was entered against Motiv 8 and "all unnamed occupants" on November 5.

On December 17, appellant filed a postjudgment claim of right to possession with the court, based on an alleged "rental agreement with the former owner who lost the property through foreclosure." Claimant attested therein that she "presented th[e] claim form to the sheriff, marshal, or other levying officer." (See Code Civ. Proc., § 1174.3, subd. (c).)[2] A hearing on the claim was set for December 28.

### December 28 Claim Hearing

On the date of the hearing, appellant filed a declaration in support of her claim. She attached exhibits consisting of: her residential lease with Motiv 8 for the subject property, dated September 1, 2019;[3] a Spectrum bill for internet service, dated January 4 and addressed to appellant at the property; and photos of the front and back of appellant's California driver license, issued on October 21 and showing the subject property address as appellant's address. Plaintiff filed an opposition to appellant's claim in which it argued that defendant was not a bona fide tenant. Appellant provided the only testimony at the hearing. All parties appeared via LACourtConnect—a telephonic appearance program.

*Appellant's Testimony*

---

[2]All unspecified statutory references are to the Code of Civil Procedure.

[3]Motiv 8 agreed to lease the property to appellant and her two minor children from September 1, 2019, to August 31, 2021, in exchange for monthly rent of $1,500. The lease was signed by real estate agent Olga Ramirez, appellant, and Sergio Morales for Motiv 8. Appellant also initialed various provisions throughout the body of the lease and signed several attached disclosures. One of the addenda signed by appellant indicated the landlord was "in default," the foreclosure process had begun, and the property might be sold at foreclosure, which could affect appellant's right to continue living at the property in the future. In a separate one-page addendum, also signed by appellant, she acknowledged the property was in default and that the landlord was "working with [the] bank on a possible loan modification."

Appellant resided at the Las Flores address since September 1, 2019—the date she entered into the lease agreement with Morales. She did not speak or read English and was assisted in understanding and signing the lease by real estate agent Ramirez, who found the property and negotiated the lease. Appellant knew Ramirez from having worked for her as a house cleaner for 18 to 24 months (approximately eight months at the time appellant signed the lease). She did not know Morales or have any relationship with him other than as landlord and tenant, and he did not live at the property with her. Appellant first learned of the underlying lawsuit when she was served with a notice from the sheriff indicating she had five days to move out.

The January 2020 Spectrum bill attached to appellant's declaration was for internet services at the property. Appellant did not receive any further bills from Spectrum because, after that date, she was able to use a state program through her children's school to access the internet; as a result, she cancelled the Spectrum service. She identified photocopies of her California driver license, issued in October 2020. Prior to that time, she did not have a California driver license but did have one issued in Mexico. Asked on cross-examination why she obtained a California driver license in October 2020, she said because she "started driving here."

Appellant did not receive receipts for the rent she paid. She paid in cash from September 2019 to January 2020 but Morales ultimately returned the rent paid, in cash, and did not accept any additional rent. Appellant testified Morales's reasoning for the refund was due to Morales "fighting about his property, his house." Appellant did not pay the gas, water, or electricity bills for the property; when asked on cross-examination who paid the gas bill, she said she was not certain but she imagined it was Morales.

Near the end of appellant's testimony, the trial court asked several questions about whether she was able to read and understand the lease at the time she signed it or if she had some assistance. Appellant stated Ramirez translated it for her. The court noted the lease was seven pages long with an additional eight pages of disclosures and addenda and asked if Ramirez translated all 15 pages. Appellant answered "yes." Appellant's attorney followed up

4

by asking her if Ramirez translated every sentence of the lease or if "she just basically described what the lease meant to you," to which appellant responded, "She described it to me."

*The Trial Court's Ruling*

The trial court denied appellant's claim of right to possession, indicating it was not persuaded the claim was valid. The court stated:

> I am going to respectfully deny the claim of right to possession that [appellant] has filed. As I mentioned, I'm not persuaded that the court has to analyze the question of [appellant's] tenancy as a "bona fide tenant" per se pursuant to . . . [Code of Civil Procedure sections] 1161a and [1161]b. However, the court is required in circumstances such as this to evaluate the merits and the credibility of the claim. I've listened to the testimony. I've looked at the documentation. I think that it is very important that the lease is a multi-page document in English that contains certain provisions that are inconsistent with the witness's testimony. Also the fact that the witness initially testified that she neither spoke nor read English. She -- she clarified that a little bit later on in her testimony, but I frankly have not been persuaded after evaluating the credibility of the -- both the oral testimony as well as the written documentation that this is a valid claim of right to possession by a tenant postjudgment.

## DISCUSSION

### Section 1174.3

"Designed to protect tenants . . . who are not named in the unlawful detainer judgment, [section 1174.3] sets out a formal procedure for making a claim of right to possession, either to the court or to the sheriff levying the writ of possession. The statute provides in part: '. . . any occupant not named in the judgment for possession who occupied the premises on the date of the filing of the action may object to enforcement of the judgment against that occupant by filing a claim of right to possession as prescribed in this section. . . .' [Citation.]" (*Cardenas v. Noren* (1991) 235 Cal.App.3d 1344, 1349, italics omitted; § 1174.3, subd. (a) ["any occupant

5

not named in the judgment for possession who occupied the premises on the date of the filing of the action" may file a postjudgment claim of right to possession].)[4] If the court finds the claimant is an invitee, licensee, guest, or trespasser, it must deny the claim. (§ 1174.3, subd. (d).) But if the court determines the claim of right to possession is valid, the claimant is inserted into the lawsuit and the issue of whether possession should be taken from the claimant is litigated. (§ 1174.3, subd. (e)(1) & (2).)

Two components to a valid claim are distilled from the statute. The first concerns the issue of occupancy. The claimant must have occupied the property on the date the unlawful detainer was filed.

Second, the claimant must establish a colorable right to possession by showing that the person or entity making the claim was not an invitee, licensee, guest, or trespasser when the unlawful detainer was filed. The Legislature has provided some direction on how this is to be accomplished by mandating that the claim be submitted on the particular form pictured in section 1174.3, subdivision (h). Paragraph 13 under the language "I DECLARE THE FOLLOWING UNDER PENALTY OF PERJURY" is entitled "Rental Agreement." It requires the claimant to check the appropriate box, declaring under oath the type of rental agreement that allows the claimant to possess, rather than merely occupy, the property.[5] (See, e.g., *Cardenas v. Noren*, *supra*, 235 Cal.App.3d at p. 1349 [Section 1174.3 "specifies the procedure

---

[4]When serving an unlawful detainer defendant with a summons and complaint, the plaintiff may opt to also serve other occupants of the premises with a prejudgment claim of right to possession. (§ 415.46.) This form allows an occupant, not a party to the lawsuit, to seek to be inserted into the lawsuit if it is filed within 10 days of its service. (§ 1174.25.) Generally speaking, if the occupant is served with a prejudgment claim form, the occupant is precluded from utilizing a postjudgment claim procedure. (§ 415.46, subd. (e)(1).) However, there are exceptions for unlawful detainer actions resulting from the foreclosure sale of rental property. (§ 415.46 (e)(2); § 1174.3, subd. (a)(2).) We need not consider an exception because, although the record includes a proof of service attached to the complaint indicating a prejudgment claim form was served (by posting and mailing) with the complaint, there was no evidence presented at the hearing to refute appellant's testimony that she had no knowledge of the lawsuit until the sheriff served her with an eviction notice, and the trial court made no finding, one way or the other, concerning the service of a prejudgment claim form.

[5]The options provided by the paragraph 13 boxes are oral/written agreement with the landlord, oral/written agreement with someone other than the landlord, rental agreement with a former owner who lost the property through foreclosure, and "other" (which would appear to cover, for example, an occupant who has an ownership interest in the property). (§ 1174.3, subd. (h).)

6

for a *tenant in possession* who is not named in the landlords' judgment for possession to make a claim of right to possession" (italics added)].) The completion of this section of the form, and the submission of corresponding proof to the trial court, bears directly on whether the claimant is an invitee, licensee, guest, or trespasser.[6]

The claimant has the burden of proving the right to possession (see *Huerstal v. Muir* (1884) 64 Cal. 450, 452-453, cited with approval in *Arrieta v. Mahon* (1982) 31 Cal.3d 381, 390 & fn. 8), but the degree of that burden is not specified in the legislation, nor is it defined by case law. "Evidence Code section 115 states in pertinent part: 'Except as otherwise provided by law, the burden of proof requires proof by a preponderance of the evidence.' The 'law' referred to in Evidence Code section 115 is not limited to statutory law; it includes constitutional and decisional law. (Evid. Code, § 160.) Therefore, '[t]he default standard of proof in civil cases is the preponderance of the evidence,' unless otherwise indicated by constitutional, statutory, or decisional laws. [Citation.]" (*Baxter Healthcare Corp. v. Denton* (2004) 120 Cal.App.4th 333, 364-365.) The default standard is applicable here; a claimant must prove the right to possession by a preponderance of the evidence.

### Standard of Review

There is no published case addressing the standard of review when considering a trial court's ruling on a claim of right to possession. For guidance, we look to the standard courts use in reviewing an order denying intervention inasmuch as the entity seeking intervention and the claimant filing a postjudgment claim of right to possession have the same objective, i.e., to be inserted into the lawsuit. "Because the decision whether to allow intervention is best determined based on the particular facts in each case, it is generally left to the sound discretion of the trial court. [Citations.] [The appellate court] therefore review[s] an order denying leave

---

[6]Although the Legislature's mandated form appears to require the claimant establish that a rental agreement (or other ownership interest) allows the claimant to possess the property, this is not to say that such an agreement will always prove a colorable claim of possession. Take, for example, two tenants who are on a lease together and one of the tenants secures a restraining order which requires the other to stay away from the rented property. The restrained tenant would not have a colorable claim of possession despite the rental agreement.

to intervene under the abuse of discretion standard.  [Citation.]"  (*City and County of San Francisco v. State of California* (2005) 128 Cal.App.4th 1030, 1036.)  The same can be said about the claim of right to possession—it is a discretionary call based on the facts gathered at the evidentiary hearing.  We therefore adopt the same standard used in the intervention cases and review the trial court's ruling for abuse of discretion.

"'[E]valuating the factual basis for an exercise of discretion is similar to analyzing the sufficiency of the evidence for the ruling. . . . Broad deference must be shown to the trial judge."  (*In re Jasmine D.* (2000) 78 Cal.App.4th 1339, 1351.)  "'A trial court will be found to have abused its discretion only when it has "'exceeded the bounds of reason or contravened the uncontradicted evidence.'"  [Citations]'  [Citation.]"  (*Richardson v. Superior Court* (2008) 43 Cal.4th 1040, 1047; see also *Chase v. Wizmann* (2021) 71 Cal.App.5th 244, 253.)

**Bona Fide Lease/Tenant**

Section 1161b was enacted in 2008 in the wake of the foreclosure crisis (Stats. 2008, ch. 69, §§ 1, 6, 10), and amended in 2012 in an effort to bring California law in line with the federal Protecting Tenants at Foreclosure Act of 2009 (PTFA) (Stats. 2012, ch. 562, § 3).  "[T]he PTFA provides protections for bona fide tenants of residential real property at foreclosure" by allowing "a bona fide lease for a term to survive foreclosure through the end of the lease term subject to the limited authority of the immediate successor in interest to terminate the lease, with proper notice, upon sale to a purchaser who intends to occupy the unit as a primary residence."  (*Nativi v. Deutsche Bank National Trust Co.* (2014) 223 Cal.App.4th 261, 269-270.)  Thus, as amended, section 1161b, subdivision (b), provides that "tenants or subtenants holding possession of a rental housing unit under a fixed-term residential lease entered into before transfer of title at the foreclosure sale shall have the right to possession until the end of the lease term, and all rights and obligations under the lease shall survive foreclosure . . . ," but cautions that this protection does not apply when, among other circumstances, the lease was not negotiated at arms' length or when it requires the receipt of rent that is substantially less than fair market rent for the property.  (§ 1161b, subd. (b)(3), (4).)

8

Plaintiff argues, as it did in the trial court, there was insufficient evidence to show appellant's lease agreement with Motiv 8 complied with the conditions for surviving foreclosure set forth in section 1161b, subdivision (b), in particular that it was "the result of an arms' length transaction" and that it did not "require[] the receipt of rent . . . substantially less than fair market rent for the property." (§ 1161b, subd. (b)(3), (4).) This may turn out to be true. But plaintiff offers no authority for the proposition that compliance with section 1161b, subdivision (b), is a prerequisite to a valid postjudgment claim of right to possession following foreclosure. (Cal. Rules of Court, rule 8.883(a)(1)(A); see also *In re S.C.* (2006) 138 Cal.App.4th 398, 408 ["When a point is asserted without argument and authority for the proposition, 'it is deemed to be without foundation and requires no discussion by the reviewing court'"], *Maral v. City of Live Oak* (2013) 221 Cal.App.4th 975, 984-985.) In any event, we briefly address plaintiff's position on the merits.

Nothing in section 1161b suggests a tenant who files a postjudgment claim of right to possession in an unlawful detainer prompted by a foreclosure must show—or that a court must find—the tenant's lease satisfies the conditions of subdivision (b) in order for the claim to be valid. Indeed, unlike a claim of right brought under section 1174.3, where the claimant has the burden of proving her claim is valid (see *Arrieta v. Mahon*, *supra*, 31 Cal.3d at p. 390), section 1161b, subdivision (c), provides: "The purchaser or successor in interest shall bear the burden of proof in establishing that a fixed-term residential lease is not entitled to protection under subdivision (b)." In short, whether the claimant is a bona fide tenant, or her lease is a bona fide lease entitled to the protections of section 1161b, are issues to be litigated in the unlawful detainer trial. The trial court recognized as much when it agreed with appellant's counsel and stated, "The concept of a bona fide tenant is really . . . an overstatement of the claimant's burden . . . ."

### The Error

The trial court made no specific finding that appellant did, or did not, occupy the premises when the unlawful detainer was filed. Nor did it make any determination about whether possession was pursuant to a rental agreement. Rather, the trial court found "very

9

important" that: the lease was a multi-page document in English; appellant initially testified she neither spoke nor read English; and there were certain provisions in the lease that were inconsistent with appellant's testimony.[7]

It appears the trial court believed there was something suspect about the lease. Although we are, of course, bound to defer to the trial court's determination of appellant's credibility (*Gerawan Farming, Inc. v. Agricultural Labor Relations Bd.* (2018) 23 Cal.App.5th 1129, 1162 ["the evaluation of witnesses' credibility is a matter particularly for the trier of fact"]), significant facts were undisputed: (1) appellant occupied the property on the date plaintiff purchased it at foreclosure and on the date plaintiff filed the unlawful detainer action; (2) prior to foreclosure, a two-year rental agreement was signed by appellant, a representative of Motiv 8, and appellant's real estate agent; (3) appellant was paying rent when the foreclosure occurred; (4) appellant's driver's license reflected the subject property as her residence; and (5) a billing statement addressed to appellant dated January 4, 2020 (approximately eight weeks before plaintiff filed the unlawful detainer lawsuit), showed Spectrum internet service was provided to the residence. The uncontroverted evidence is not susceptible to an interpretation that supports the trial court's ruling. For that reason, reversal is necessary.

---

[7]The court did not delineate the lease provisions it found to be inconsistent with appellant's testimony. Disclosed at the hearing, however, and remarked on by plaintiff's counsel, were that: (1) the lease provided the monthly rent of $1,500 was to be paid to Morales by personal check, money order or cashier's check, yet appellant testified she paid the $1,500 to Morales in cash; and (2) the lease indicated appellant, as tenant, was to pay for "all utilities and services" except water and trash, but appellant testified she did not pay for any utilities and that she "imagined" Morales paid for the gas. These observations have no bearing on whether appellant occupied the premises when the unlawful detainer complaint was filed, or whether possession was pursuant to an agreement with Morales. Although parts of appellant's testimony regarding her methods and obligations were not in strict conformity with the lease, it is of common knowledge that parties to a lease may agree to the modification of its terms.

## DISPOSITION

The order denying Karla Soto's postjudgment claim of right to possession is reversed and the matter is remanded to the trial court for further proceedings consistent with this opinion. Appellant is to recover her costs on appeal.


_____
Kumar, J.

We concur:


_____                    _____
P. McKay, P. J.                          Ricciardulli, J.

11